ALBERT W. GUTHAT v. JAMES GOW.

*Building contract—Decision of architect—Right of action.*

Where a building contract provides that the decision of the architect agreed upon by the parties, both as to extra work and the performance of the main contract, shall be final and binding, the questions of which he is thus made the arbiter cannot be submitted to the consideration of a jury without doing violence to the contract, unless fraud on his part is shown; citing *Hanley v. Walker*, 79 Mich. 607.

Error to Muskegon. (Dickerman, J.) Argued April 19, 1893. Decided May 31, 1893.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin*, for appellant.

*Turner, Turner & Turner*, for plaintiff.

MONTGOMERY, J. Plaintiff sues upon a written contract, by the terms of which he agreed, among other things, to build, construct, and completely finish for the defendant a two-story frame dwelling-house, except as to mason work other than plastering, according to drawings and specifications made by Marc J. Reiseger, architect, in a good, workmanlike, and substantial manner, under the direction of said architect, and to his satisfaction, to be testified by a certificate under his hand; and also, at his own expense, and under the direction and to the satisfaction of said architect, to "furnish such material, workmanship, and labor of all kinds whatsoever as shall be proper and sufficient for completing all the above-designated work," and to "remove all improper materials and work when directed by said architect, and substitute therefor such

material and work as, in the opinion of said architect, are required by said drawings and specifications, and deliver said work to first party finished and free from all claims, liens, and charges;" to commence said work forthwith, and have the same fully completed within 80 days from the time the stone foundations and basement walls should be ready for the carpenter work; to produce, when required by the owner, a sworn statement of all indebtedness for labor or material furnished, used, or expended on said building. Defendant was to pay therefor the sum of $2,592.20, upon the presentation of certificates, signed by said architect, of his estimates of work done and material furnished; "such estimates to be made once in each two weeks, and 15 per cent. of each estimate to be retained by the owner until all of said work is completed by the contractor, and the architect is satisfied that said work is free from all liens and shall issue said certificate." The agreement contained further provisions as follows:

"Should any dispute arise respecting the true construction or meaning of said drawings and specifications, the same shall be decided by said architect, and his decision shall be final.   *   *   *   The owner may, at any time during the progress of said work, make any additions to or alterations in or deviations or omissions from said drawings or specifications which he shall deem proper and the architect shall advise, without invalidating this agreement, but the fair value of the same shall be added to or deducted from the sum to be paid by the owner, as the case may be; and, should any dispute arise respecting the fair value of the same, such value shall be determined by the architect, and his decision shall be final and binding upon the parties hereto."

On request of the defendant's counsel the learned circuit judge charged the jury as follows:

"Under the contract which has been introduced in evidence, it was the duty of the plaintiff to build, construct, and completely finish for the defendant a two-story frame dwelling-house, with basement, except as to the

mason work, according to drawings and specifications made
by Marc J. Reiseger, architect, in a good, workmanlike,
and substantial manner, under the direction of said archi-
tect, and to his satisfaction, to be testified by a certificate
under his hand, and to have the same fully completed
within 80 days from the time the stone foundations and
basement walls were ready for the carpenter work; and
there can be no recovery by the plaintiff in this case on
the contract for work that was not done to the satisfaction
of said architect, and testified by a certificate under his
hand."

And also:

"It was also the duty of the plaintiff, under the con-
tract, to produce, when required by the defendant, a
sworn statement of all indebtedness for labor or material
furnished, used, or expended on said building; and if you
find that the plaintiff was required by notice in writing to
furnish such statement, and failed or neglected to comply
with such requirement, the defendant would be justified
in withholding any moneys that might otherwise be due
to the plaintiff until such request has been complied with."

And, further:

"Under the contract the defendant was required to pay
the consideration expressed only upon the presentation
of certificates, signed by the architect, of his estimate of
work done and material furnished; and the defendant was
entitled to retain 15 per cent. of each estimate until all
of said work was fully completed by the contractor, and
until the architect should be satisfied that said work was
free from all liens, and should issue his certificate accord-
ingly."

The circuit judge, on his own motion, instructed the
jury as follows:

"Now, as to this extra work, the contract provides how
that shall be done; that if they cannot agree—if they do
not agree about it, and about its value and its price—it is
to be referred to the architect, and he is to determine
what shall be allowed for extra work; and I do not think
there is any testimony here—my recollection of it is that
there is no testimony—that this has ever been referred to

the architect. * * * There is testimony that he went and showed him something. The architect said he showed him a paper, and asked him to O. K. it, without* showing him what it was. I don't think that would amount to a statement of extra work to the architect, and a request to him to act upon it. My judgment is that this extra work will have to be treated in the same way; that he will be entitled to recover for that extra work,—for such of it as you find is extra work, and you will have to determine how much of it is extra work. The parties differ very widely about these items that are claimed to be extra work; the plaintiff claiming that it amounts to something over $400, the defendant claiming by himself and his witnesses that a great portion of that is not extra work; that it was work that was required to be done by the terms of the contract; and the defendant claims that there is only about a little over $100 of those items that in fact is extra work, and that comes outside of the contract. Now, as to that, the plaintiff will be entitled to recover such an amount as you find from the tertimony is extra work, what it was reasonably and fairly worth, as you may find from the testimony, and no further; and so, as to this contract with reference to the building, my judgment is you will have to decide this case upon this theory I am now presenting to you, that the plaintiff is entitled to recover, not exceeding the contract price at all,—you cannot go outside or ahead of that figure,—what you may find from the testimony the work that he did was fairly worth, and the material that he furnished was fairly worth, less any damage that you may find the defendant sustained in consequence of any fault in the work, or failure to fulfill or perform the work."

By these instructions the plaintiff was permitted to ignore the provisions of the contract which made a decision of the architect both as to the extra work and as to the performance of the main contract final. The parties having agreed upon an arbiter in this matter, the question cannot be transferred to the consideration of a jury unskilled in such matters without doing violence to the contract, unless fraud on the part of the architect be shown. It is not seriously contended in this case that

fraud was shown, and if there was any evidence tending to show fraud it is enough to say that that question was not submitted to the jury for their consideration.  As was said in *Hanley v. Walker*, 79 Mich. 607, 614:

" When parties capable of contracting have deliberately entered into a written agreement, in which, by all just rules of construction, the certificate of the architects is made a condition precedent to a right of action, such condition must be performed, or its requirements waived."

See, also, cases cited in opinion of Chief Justice CHAMPLIN.

The other questions presented are not likely to arise upon a new trial.

The judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.