NATIONAL HOME BUILDING & LOAN ASSOCIATION *v.* DWELLING HOUSE INSURANCE CO.[1]

FIRE INSURANCE—ACTION ON POLICY—APPRAISAL AS CONDITION PRECEDENT.

Under a Michigan standard fire-insurance policy, providing that, in case of disagreement as to the amount of loss, the same shall be ascertained by appraisers, whose award shall be *prima facie* evidence of the amount of such loss; that the loss shall not become payable until 60 days after notice and proofs of loss have been received, "including an award by appraisers when appraisal has been required;" and that no suit on the policy shall be sustainable until after full compliance by the insured with all of the requirements of the policy,—an appraisal is a condition precedent to suit only in case a demand therefor has been made; and where proofs of loss have been seasonably furnished, and no appraisal has been demanded for nine months after the fire, suit is properly brought.

[1] Rehearing denied December 24, 1895.

Error to Muskegon; Russell, J. Submitted June 13,. 1895. Decided July 9, 1895.

*Assumpsit* by the National Home Building & Loan Association against the Dwelling House Insurance Company upon a fire policy. From a judgment for defendant, plaintiff brings error. Reversed.

*Brown & Lovelace,* for appellant.

*Bunker & Carpenter,* for appellee.

HOOKER, J. The only question in this cause is whether the action was prematurely brought upon a policy of insurance, no steps having been taken by either party to require an appraisal. Counsel for the defendant assert that the company offered to pay $750, while the plaintiff claimed $900 or more, and that this constituted a disagreement as to the amount of the loss, and that in such case appraisal was a condition precedent to bringing action upon the policy.

The provisions of the policy involved in this contention are as follows:

"In the event of any disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire. The appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award, in writing, of any two, shall be *prima facie* evidence of the amount of such loss.

"The loss shall not become payable until 60 days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required.

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all

the foregoing requirements, nor unless commenced within 12 months next after the fire."

It is claimed that this amounts to an unequivocal agreement that, when controversy arises over the amount of the loss, that matter shall be submitted to appraisers before action shall be commenced, and that such is the method for determining that question, subject to appeal to a jury, if desired; that, if the insured is not content to accept the insurer's valuation, he may and must invoke the aid of the tribunal having original jurisdiction of that question, as he would in any other case or controversy, the only difference being that in this case it is a board of appraisers, while in ordinary matters it is a court of competent jurisdiction, to which he must appeal; and if he does not do so, and the question is raised, he must fail.

Numerous cases hold such provisions valid conditions precedent. We cite in support of this proposition the following cases from the brief of counsel: *Chippewa Lumber Co.* v. *Insurance Co.*, 80 Mich. 116; *Morley* v. *Insurance Co.*, 85 Mich. 217; *Guthat* v. *Gow*, 95 Mich. 527; *Hanley* v. *Walker*, 79 Mich. 607; *Gasser* v. *Sun Fire Office*, 42 Minn. 315; *Mosness* v. *Insurance Co.*, 50 Minn. 341.

The cases of *Hanley* v. *Walker* and *Guthat* v. *Gow* arose upon contracts for building, and in one case payment was to be made upon architect's certificates. It was held that they were prerequisites to recovery. In the other his decision was held to be conclusive, in the absence of fraud.

The last two cases cited closely resemble the present case, and fully sustain defendant's contention, and unequivocally hold the appraisal to be a condition precedent. The case of *Gasser* v. *Sun Fire Office* arose upon a policy which provided for an award in case of disagreement, *upon the written request of either party*. It further provided that no suit or action upon the policy should be sustainable until after an award was obtained. The

supreme court of Minnesota held this to be a condition precedent; in effect saying that in case of disagreement the insured must make a written request for appraisers before he could bring his action, unless such award was waived, refused, or prevented by the company. The case of *Mosness* v. *Insurance Co.* involved a policy like that in the present case, and the court followed the holding in the case of *Gasser* v. *Sun Fire Office*. The Gasser case was substantially like the case of *Nurney* v. *Insurance Co.*, 63 Mich. 633. The Mosness case is like the one before us. The Minnesota court took a different view of the question from that previously expressed by this court in the Nurney case. The effect of the decision in the Nurney case was to make the request for appraisers optional. It was said not to be imperative unless upon written request, and, no request having been made, the agreement not to sue became inoperative. This seems to have been the view taken of this question by the Federal Supreme Court. *Hamilton* v. *Insurance Co.*, 136 U. S. 255. See, also, *Kahnweiler* v. *Insurance Co.*, 57 Fed. 562, where a distinction is made between such a policy and one where there is no such qualification as that providing for a written request. This distinction was recognized by Mr. Justice GRANT in a discussion of the Nurney case in the case of *Chippewa Lumber Co.* v. *Insurance Co.*, 80 Mich. 122.

Whether this policy before us makes an award an absolute condition precedent, or one' conditioned upon a demand for it, is the question before us, and it depends upon a construction of the policy. The policy is the standard Michigan policy, and these provisions have been before the court twice, though in neither case has the question before us been directly raised. The earlier of these is the case of *Zimeriski* v. *Insurance Co.*, 91 Mich. 600, where a delay of 57 days after proofs of loss before service of a demand for appraisers was held, under the circumstances of that case, to be a waiver of the right to demand appraisers. This would seem to imply that

the stipulations of the policy do not amount to an absolute condition precedent.

Again, in the case of *Brock* v. *Insurance Co.*, 102 Mich. 591, the present Chief Justice said:

"This provision makes such appraisal, *'when required,'* a condition precedent to the right to sue. The defendant has a reasonable time within the 60 days after proofs of loss have been furnished within which to move with respect to the ascertainment or estimate of the loss. *Had the time elapsed, and no move been made in that direction, the plaintiff would undoubtedly have had the right to bring suit."*

In that case, however, an appraisal had been required.

The standard policy makes the loss payable in 60 days after notice and proof, which must include an award "when appraisal *has been required."* We think this equivalent to the expression "has been requested," and, taken in connection with the provision in relation to action, is subject to the same construction as that given in the Nurney case; and this is in harmony with views heretofore expressed by the court. No appraisal having been demanded during a period of nine months after the fire, although proofs of loss were seasonably furnished, the plaintiff was warranted in bringing his action.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.