Williams, J.
The effect of the charge for which the .judgment of the trial court was reversed, obviously was to preclude a recovery by the plaintiff, if the jury should find that she had failed to make demand for an ascertainment of the loss by an award of appraisers, and select a competent person to act as an appraiser, unless the defendant waived that mode of ascertainment, in some other way than by its failure to request an appraisement. *523 And that purport of the charge is defended by counsel for the plaintiff in error, on the ground that the policy sued on makes such demand by the plaintiff a condition precedent to the right to bring and maintain the suit.' The stipulations of the .policy to which that operation is ascribed, are those contained in the statement of the case, and especially those which provide that “the loss shall not become payable until sixty days after notice, .ascertainment, estimate and satisfactory proof of loss herein required have been received by this company, including an award by appraisers when appraisal has been required;” and that no suit on the policy for any claim shall be sustainable “until after full compliance by the insured with all of the foregoing requirements.” While the policy undoubtedly confers on either party the right to call for an ascertainment of the loss by appraisers, when the parties are unable to agree upon the amount, it does not itself constitute an arbitration bond, binding them unconditionally to a submission of the loss to the judgment of. appraisers. Whether that method of determining the loss shall be resorted to, is optional with the parties, either of whom may, by demand on the other, require that it be pursued; ancl when so required, no suit can be maintained until the award of the appraisers has been furnished. But the provisions of the policy in this respect do not execute themselves. The party who elects to invoke that mode of proceeding must notify the other, and request the selection of appraisers. Then, the agreement of submission follows. If neither party chooses to request the appraisement, the right of the other to pursue the ordinary legal remedies is unaffected. “A eondi *524 tion in a policy of insurance providing for an arbitration in case the parties cannot agree as to the amount of loss, cannot operate to deprive the assured of his right of action, unless clearly made a condition precedent to the existence of such right. ” Insurance Co. v. Pulver, 126 Ill., 331; Sergent v. Insurance Co., 155 N. Y., 349-355; McNally v. Insurance Co., 137 N. Y., 389.
It will be observed that this policy imposes no obligation on the assured to furnish an award of appraisers, except “when appraisal has been required.” That requirement certainly should be made within a reasonable time'after proof of loss; and if not so made before suit, is no obstacle to the maintenance of the action. In other words, a demand by the insurer for an appraisal within a reasonable time after proof of the loss has been furnished, is, under such a policy, a condition precedent to the right to require the insured to furnish an award of appraisers. This appears to be the construction placed upon such policies in numerous cases, and sustained by the great weight of authority. In Lesure Lumber Co. v. Insurance Co., 101 Iowa, 514, it was held that “provisions in a policy that an appraisal by arbitrators shall be made, if tliere is a disagreement as to the loss; that the loss shall not be payable until sixty days after notice and satisfactory proofs of loss have been given, including’ an award by appraisers when the appraisal shall be required; and that no action on the policy can be maintained without ‘a full compliance by the insured with all the foregoing requirements’ — do not make an appraisal a condition precedent to the right to sue, where the company makes no demand therefor.” The same construction was placed upon like pol *525 ieies in the following, and other cases: Insurance Co. v. Stewart, (Indiana), 42 N. E. Rep., 286); Home etc. v. Insurance Co., 106 Mich., 236; Davis v. Assurance Co., 47 Pac. R., 436. In Sun Insurance Co. v. Crist, (Ky.), 39 S. W. Rep., 837, the court held that: “The insured need not plead or prove performance of the provision for arbitration in a fire policy, it being the duty of the company to propose arbitration in case of disagreement.”
The charge of the trial court was in conflict with the established construction of policies like that involved in this case, and was, we think, erroneous.
It is contended, however, that the error in the charge was not prejudicial to the plaintiff, because the notice of January 3, 1896," and letter of February 21,1896, set out in the statement of the ease, contain a demand by the defendant for an appraisal of the plaintiff’s loss, substantially in accordance with the policy. It is not claimed that either of those documents contains such a demand in terms, but only that one may be inferred therefrom. To be of any avail the demand must be made in good faith, within a reasonable time after proof of the loss has been furnished, and in such direct and explicit terms that a person of ordinary intelligence would fairly understand and be informed that the insurer requests a submission to appraisers for the ascertainment of the loss; and, when it is claimed the demand was made in writing, the instrument, if ambiguous, will be construed most strongly against the insurer, for the reason that the companjT- has the opportunity of making its meaning clear and unequivocal. The onty language in either of the documents referred to which counsel claim to be equivalent to a demand for an appraisal, is that *526 contained in the first one, by which the insured is directed to. protect the property from further damage, and preserve all that remains, “until the loss thereon has been determined in the manner stipulated for in said policy;” and that of the other, in which she was informed that the company would not pay any amount claimed until “sixty days after the amount of the loss or damage has been determined in the manner stipulated in said policy, ” It seems evident that neither of these statéments amounts, by any proper construction, to a present demand for an appraisal of the plaintiff’s loss; nor can such demand be fairly extracted from either or both .of the instruments as a whole. By the first one the adjuster simply gave directions to the insured for the care of the property, and for an inventory required preliminary to an adjustment; and the other is wholly made up of objections to the proof of loss furnished, coupled with the information that the loss would not be paid “before the expiration of sixty days after it should be determined;” but there is no request to have the loss determined by appraisers. We therefore concur in the holding of the circuit court that neither of the documents mentioned constituted a demand for an appraisal, and the error in the charge was prejudicial.

Judgment affirmed.