BONE *v.* GRANGE MUTUAL FIRE INSURANCE CO.

INSURANCE—FIRE INSURANCE—MUTUAL ASSOCIATIONS—EXHAUST-
ING REMEDY—RIGHT TO MAINTAIN ACTION.

> Where a member of a mutual fire insurance company failed
> to exhaust his remedy within the association as provided
> for by the articles of association which were a part of
> the contract he entered into when he became a member
> and took out his policy, he could not maintain an action
> in the courts to recover for a loss by fire.

Error to Isabella; Hart (Ray), J. Submitted April
20, 1921. (Docket No. 111.) Decided October 3,
1921.

Assumpsit by Pat Bone against the Grange Mutual
Fire Insurance Company of Michigan, Limited, on a
policy of insurance. Judgment for defendant. Plain-
tiff brings error. Affirmed.

*W. D. Fast,* for appellant.

*William T. Yeo,* for appellee.

The defendant is a mutual fire insurance company,
limited, incorporated under the provisions of Act No.
262, Pub. Acts 1895 (2 Comp. Laws 1915, § 9586 *et
seq.*). January 26, 1914, plaintiff made written ap-
plication to it for insurance, such application contain-
ing the following clause:

"I accept this insurance subject to the articles of
association and the rules and regulations and by-laws
of said company, now in force or that may hereafter
be in force."

A few days later the policy was issued and delivered

to plaintiff. It recited that the articles of association and by-laws together with the application are a part of the policy and agreement and contained the following:

"Assessment is levied August 1, and made payable in October each year."

Article 6 of the articles of association provides for filing proofs of loss and contains the following:

"Within ten days of receiving such notice of loss, in case the loser and secretary of the company shall fail to agree on the amount of the loss for which the company is liable, an adjusting board shall be appointed, one by the president and secretary of the company, one by the losing member, which two shall appoint a third, who shall be a member of some other grange in the county of which the losing member resides, and who shall act as chairman. No member of the adjusting board shall be an officer of the company. Said adjusting board shall meet within ten days of their appointment and adjust the loss, notice of such meeting having been given the loser.

"(c) The duties of said adjusting board shall be to investigate the standing of the losing member in his subordinate grange, his compliance with the policy contract, the justice of his claims, the validity of his policy, the cause of the loss and the liability of the company, and to fix the amounts and valuations of the property lost, and shall make a full report of their proceedings and findings to the secretary of the company."

Article 7 provides for an appeal from the determination of the adjusting board to the executive committee of the State Grange and contains the following:

"And no appeal to such board of appeals shall be taken by either the loser or the company after the expiration of thirty days from the date of the determination of the adjusting board; but in such case the determination of the adjusting board shall be final and conclusive as to both the loser and the company."

Article 10 contains the following:

"The secretary shall make the assessment rolls in which every member shall be assessed ratably to cover all losses, expenses and liabilities of the company in the class or classes in which he is insured, which assessment or assessments shall be due and payable forthwith to the secretary and treasurer, who shall collect the same. The assessment rolls of this company shall be evidence in all courts that the sums assessed are due this company and payable by the persons assessed."

Section 25 of the by-laws is as follows:

"All assessments made by the company shall be made payable within thirty days from date of assessment roll, and policies on which the assessments shall not be paid before the expiration of sixty days from the date of said assessment roll shall be suspended and the company shall not be liable for any loss or damage sustained while such assessment remains unpaid."

The August 1, 1917, assessment was compiled by the secretary and about the 1st of September notices were sent to the members. About the 20th of October, another notice was sent. Plaintiff claims to have received but one of these notices, and that about the 25th of October. He did not pay his assessment and on November 16th the property insured was destroyed by fire. On November 19th plaintiff notified the secretary of his loss and sent a draft for his assessment which was retained. The company denied its liability and the validity and enforceability of the policy because of the failure to pay the assessment within the time provided in the by-laws. It was, however, suggested that the matter be taken up before the board of directors and this was done, plaintiff being represented by a member of his grange. The board reached the conclusion that the loss should not be paid. It was also suggested that it be submitted

to an adjustment board provided for by the articles of association, and the company selected Mrs. Coon, wife of the secretary, as its representative.   Plaintiff selected Mr. St. John, a member of his grange, as his representative, and at the request of plaintiff and Mr. St. John, another member of plaintiff's grange a Mr. Stevens, was agreed upon as the third member, and plaintiff in writing agreed upon Mr. Stevens as perfectly satisfactory to him.   Plaintiff had employed an attorney who was spending the winter in Florida, and Mrs. Coon signed a paper stating that if the third man was not satisfactory to the attorney, another meeting of the board would be held.   She was not an officer of the company.   A full hearing was had before the adjustment board without either party being represented by an attorney and the board found that the company was not liable.   Upon the return of the attorney from Florida he signified his dissatisfaction with the third member and requested another hearing.   There is some conflict in the testimony as to who was at fault for the failure to have another hearing.   Mrs. Coon claims to have made three efforts to get the board together and places the blame upon plaintiff; other testimony on the part of defendant is to the effect that plaintiff's attorney stated he was not ready for the hearing.   Testimony on behalf of plaintiff is in conflict with this.   The trial judge who heard the case without a jury seemed to accept defendant's claim.   He held that plaintiff had not exhausted the remedy provided by the articles of association, and that his policy had lapsed by his failure to pay the assessment within the time required by the articles of association and the by-laws of the company and entered judgment for the defendant.

FELLOWS, J. (*after stating the facts*).   We shall only consider one of the two grounds upon which the

trial judge disposed of the case.  By the articles of association which became a part of the policy and therefore a part of the agreement between plaintiff and defendant, an adjustment board was provided for and agreed upon to settle the differences between the company and its members with a right of appeal to the executive committee of the State Grange.  Plaintiff in his application agreed to be bound by this provision which is quite common in the articles of association of these mutual companies.  This court has repeatedly held that such provisions are valid and that the insured cannot avail himself of his legal remedy until he has exhausted the remedy provided for by such reasonable rules and regulations of the mutual company to which he belongs.  *Allen* v. *Insurance Co.*, 165 Mich. 18 (where a large number of the authorities are collected) ; *Patrons' Mutual Fire Ins. Co.* v. *Attorney General*, 166 Mich. 438.  In the instant case there was a full hearing before the adjustment board and plaintiff's claim was disallowed.  There was no appeal taken from this decision.  Mrs. Coon, the arbitrator chosen by the company, assumed to act for the company and agreed that another hearing might be had if the third man who as matter of fact had been suggested by plaintiff proved unsatisfactory to his attorney.  Doubtless Mrs. Coon was without authority to bind the defendant by this agreement as its counsel now contend; but we think the record fairly discloses that the president of the company by his acts ratified her action and attempted to arrange for another hearing.  Indeed, if defendant's testimony is to be believed, and the trial judge did believe it, there were repeated efforts on the part of defendant to have another hearing and the failure to have it was due to plaintiff's neglect to co-operate in such efforts.  Manifestly under these circumstances the plaintiff had not exhausted his remedy within the association and pro-

vided for by the articles of association which were a part of the contract he entered into when he became a member of this mutual company and took out his policy. We are persuaded that the conclusion reached by the trial court on the disputed questions of fact involved is supported by the evidence and is not against its weight. As this disposes of the case, and none of the other assignments of error are controlling of this question, it becomes unnecessary to discuss them.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.