ROTT *v.* WESTCHESTER FIRE INSURANCE CO.

1. INSURANCE—ARBITRATION—WAIVER.

   A clause in an insurance policy providing that in the event of disagreement as to the amount of the loss or damage the same must be appraised before recovery can be had may be waived by the insurer.

2. SAME—WAIVER—QUESTION FOR JURY.

   In an action on an insurance policy for the loss of an automobile by fire, testimony by plaintiff that defendant's adjuster told him he would have to accept $250 or nothing—that if he did not accept it he could bring suit, *held*, to justify submitting to the jury the question as to whether such conduct amounted to a waiver of the right to an appraisal.

3. SAME—WAIVER BY PAROL EVIDENCE.

   It cannot be said that it is unfair to insurer to permit waiver of arbitration by parol evidence, although expressly provided for in the policy, since insurer may always secure same by making a demand therefor, and thus leave no doubt of its intention to rely thereon.

4. SAME—PROOFS OF LOSS—WAIVER—QUESTION FOR JURY.

   Where a written statement of loss was prepared by the defendant's adjuster and signed and verified by the oath of insured, and the automobile was examined soon after the fire by said adjuster, and no further proof of loss was suggested to or required of insured, the question of waiver of proofs of loss was for the jury.

Error to Wayne; Weimer (George V.), J., presiding. Submitted April 28, 1922. (Docket No. 39.) Decided June 5, 1922.

Assumpsit by David Rott against the Westchester Fire Insurance Company on a policy of insurance. Judgment for defendant *non obstante veredicto*. Plaintiff brings error. Reversed, and judgment entered on verdict.

On arbitration agreements, their validity and binding force, see note in 47 L. R. A. (N. S.) 337.

*Finkelston & Lovejoy* (*H. C. Chilson,* of counsel), for appellant.

*Frederick J. Ward,* for appellee.

SHARPE, J.   On July 19, 1917, plaintiff procured insurance in the defendant company on a Studebaker touring car owned by him against loss or damage by fire to the amount of $450.   In February, 1918, the building in which the car was stored was consumed by fire.   Plaintiff claims the car was totally destroyed. Plaintiff was absent from the city at the time of the fire.   On his return a few days later, he informed Mr. Goodman, the agent from whom he had procured the insurance, of his loss.   Goodman sent him to Alfred H. Dinning, an authorized adjuster for the defendant.   A paper was filled out and verified under oath by plaintiff.   Dinning told him to call again in a few days.   He did so.   Plaintiff testified that Dinning offered him $250 in payment of his loss:

"Says I will give you $250 on this policy; so I asked him I don't see why after this policy is written for $450, why how you give me $250.   Well, he says, that is my suggestion, you know that I give you for that, you want $250, all right, if you don't you get nothing. * * * I saw Mr. Dinning, next time he told me that is all I give you, $250, or I don't give you nothing; the company wouldn't give you nothing, you will have to sue for it."

Mr. Dinning testified:

"I went out with Mr. Goodman to look at the remains of the car, and I subsequently offered $250, and told him if he wouldn't accept it we would appraise that loss."

No proofs of loss were furnished by plaintiff nor was an appraisement had or requested by him.   The policy contained the usual provision as to the furnish-

ing of proofs of loss and the following as to an appraisal:

"Appraisal: In the event of disagreement as to the amount of loss or damage, the same must be determined by competent and disinterested appraisers before recovery can be had hereunder." * * *

At the conclusion of plaintiff's proofs, defendant's counsel moved for a directed verdict because proofs of loss had not been furnished and no arbitration had as to the amount of the loss. Decision on this motion was reserved. Proof was then submitted by defendant and at its close the motion for a directed verdict was renewed, reserved and the cause submitted to the jury, who rendered a verdict for plaintiff for $450. On defendant's motion thereafter made, a judgment *non obstante veredicto* was entered in its favor for the reason that the arbitration provision had not been complied with. Plaintiff reviews this judgment on writ of error. The assignments relate to the action of the court in entering such judgment.

1. Arbitration. In *Baumgarth* v. *Insurance Co.,* 152 Mich. 479, 483, it is said:

"It is the established rule in this State that no right of action on the part of an insured exists until an appraisal provided for in the policy has been made."

It is also well established that such a clause may be waived by the insurer. See cases cited under Waivers in note to *Williams* v. *Branning Manfg. Co.,* 47 L. R. A. (N. S.) 337, 425 (154 N. C. 205, 70 S. E. 290).

The jury found that it was waived under instructions of which there is no complaint. Did the testimony of the plaintiff justify the submission of this question to the jury? We feel constrained to hold that it did. The question presented is not what inference we would draw from what the adjuster said, but what inference the plaintiff might fairly have drawn therefrom. The language of the adjuster as

testified to by plaintiff was a plain invitation to him to begin a suit to recover for his loss unless he would accept the sum offered.   It justified a finding that he thereby induced the plaintiff to believe that if, under arbitration proceedings, he should be awarded more than $250, he must bring suit to recover it.   If litigation must be resorted to in order to determine liability, the means provided for ascertaining the loss without litigation need not be called into play.   While the proofs do not indicate any absolute denial of liability on the part of the defendant, it is suggestive that in the notice attached to the plea the defendant states that it will insist that the policy is void—

"because of false and fraudulent statements and mis-- representations of material facts and circumstances concerning this subject of insurance, and because of fraud and false swearing upon matters relating to said insurance."

From this claim, though not then advanced, an inference might be drawn that the offer made was one of compromise and not simply based on the fair judgment of the adjuster as to the amount of the loss. In *Gnau* v. *Accident Ass'n,* 109 Mich. 527, the question of a waiver of a provision for arbitration was involved.   We quote from the opinion at page 533:

"The court charged the jury, substantially, that the right to arbitrate might be waived by the defendant, and if they found by the evidence that the company did not agree to arbitrate, or that, by any statement made by it, it was shown to be willing to go into court, and adjust the matter with the plaintiff in a court of law, and that position was taken by the company, or the authorized agent of the company, in dealing with Mr. Gnau in relation to the claim, the jury might find that the company thus refused to arbitrate.   The court then said:

" 'It is not necessary that this refusal should be made in any express terms, but by the action or conduct of the defendant or its agents, if it expressed its willingness to try this case

in court, that would amount to a waiver, and that the terms of this policy had been complied with. * * * It is your privilege, if you find those facts that will justify it, to say whether or not this defendant did refuse to arbitrate, within the meaning of this policy and these by-laws.'"

The conclusion reached was that the question of waiver was fairly submitted to the jury.

A quite similar question was presented in *Cullen* v. *Insurance Co.,* 126 Mo. App. 412 (104 S. W. 117). In that case an effort at adjustment was made, in the course of which the adjuster said to the insured:

"We have decided to give you one hundred dollars for the total lost goods, and if you refuse to accept that, we won't give you anything. You can go ahead and do whatever you please."

The court said:

"Under all of the authorities with which we are familiar, the operation of the arbitration clause in such policies is always deferred until the company has, in good faith, made a reasonable effort to agree with the insured on the amount of the loss; otherwise it would serve as a trap and a snare for the innocent and unwary. *Boyle's Sons* v. *Insurance Co.,* 169 Pa. 349 (32 Atl. 553); *Vangindertaelen* v. *Insurance Co.,* 82 Wis. 112 (51 N. W. 1122, 33 Am. St. Rep. 29); *Phœnix Ins. Co.* v. *Badger,* 53 Wis. 283 (10 N. W. 504); *Farnum* v. *Insurance Co.,* 83 Cal. 246 (23 Pac. 869, 17 Am. St. Rep. 233); *Schrepfer* v. *Insurance Co.,* 77 Minn. 291 (79 N. W. 1005); *Hickerson* v. *Insurance Co.,* 96 Tenn. 193 (33 S. W. 1041, 32 L. R. A. 172). Certainly an arbitrary declaration on the part of the company that unless the insured would agree to accept one hundred dollars in full for the goods totally destroyed, no further attention would be given the loss, and that he might appeal to the courts for relief, does not evince a reasonable effort in, good faith on its part to ascertain the amount of the loss so as to invoke the operation of the clause referred to. On the evidence, the court properly referred this question to the jury."

It may be urged that the effect of permitting this

provision in the policy to be, in effect, eliminated therefrom by parol evidence is unfair to the insurer for whose benefit it is inserted. But the insurer may always secure an arbitration by making a demand therefor. And such demand may be made in writing and in terms so clearly expressed as to leave no doubt of its intention to rely on such provision, should the insured refuse or neglect to comply therewith.

2. Proofs of loss. Was the verdict properly directed because proofs of loss were not furnished? A written statement was prepared by the adjuster and signed and verified by the oath of the insured. The loss was confined to an automobile. It was examined soon after the fire by defendant's adjuster. No suggestion was made to plaintiff by either the adjuster or the agent, Mr. Goodman, that other or further proof of loss was required. We think, under the rule laid down in *Gristock* v. *Insurance Co.*, 84 Mich. 161, the question of waiver was for the jury. It was there said:

"If the conduct and acts and conversation of the adjuster would induce an honest belief on the part of Mr. Gristock that the proofs that were being made, and the certificates that were being furnished, and the negotiations that were being had, were all that were required by the company, and that Mr. Gristock acted with an honest belief that these were all the company required, and that he was warranted from the facts in entertaining that belief in good faith, as a reasonable man, then the jury would be justified in finding that the formal proofs of loss were waived on the part of the company."

The judgment entered is reversed and set aside and the record remanded to the circuit court with directions to enter judgment upon the verdict of the jury. The plaintiff will recover his costs of both courts.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.