MAKI *v.* COMMONWEALTH INSURANCE CO. OF NEW YORK.

1. APPEAL AND ERROR—FINDING OF JURY FINAL IF SUPPORTED BY EVIDENCE IN ABSENCE OF MOTION FOR NEW TRIAL.

In an action on a fire insurance policy, where there was testimony supporting the finding of the jury that insurer waived its right to an appraisal by arbitration, said finding is final, in the absence of a motion for a new trial.[1]

[1] Appeal and Error, 3 C. J. § 906.
On arbitration as condition precedent to action on insurance policy, see notes in 15 L. R. A. (N. S.) 1055; 28 L. R. A. (N. S.) 104.

2. INSURANCE—RIGHT TO ARBITRATION—WAIVER BY ADJUSTERS.

Where adjusters representing fire insurance companies, acting in concert, offered insured a certain amount in settlement of his loss, which he refused to accept and threatened to sue for the full amount, and they told him to go ahead and· sue, their action amounted to a waiver of insurers' right to appraisal by arbitration; they having authority ·to bind their several companies.[2]

3. SAME — RIGHT TO ARBITRATION RESTS ON FAILURE TO AGREE AFTER GOOD-FAITH EFFORT—WAIVER.

Right to have an appraisal by arbitration rests on good-faith efforts to agree on amount of loss and failure ·to reach an agreement, so that where insurers assume to fix a limit beyond which they will not submit to liability their action operates as a waiver of said right of appraisal.[3]

4. SAME—WAIVER OF ARBITRATION MAKES APPOINTMENT OF UMPIRE A NULLITY.

Where there was a waiver of arbitration, the appointment of an umpire by the circuit court thereafter was a nullity.[4]

Error to Gogebic; Driscoll (George O.), J. Submitted June 5, 1925. (Docket No. 57.) Decided October 1, 1925.

Assumpsit by William Maki against the Commonwealth Insurance Company of New York on a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Charles M. Humphrey*, for appellant.

*Jones & Patek*, for appellee.

WIEST, J. This is an action on Michigan standard insurance policies, issued by defendant to plaintiff, upon a stock of merchandise and fixtures, to recover loss and damage by fire. Defendant pleaded right to an appraisal as stipulated in the policy. Plaintiff asserted waiver. The issues of waiver and amount of loss were tried to a jury, with verdict for plain-

---

[2]Fire Insurance, 26 C. J. § 571 (Anno); [3]Id., 26 C. J. §§ 540, 570, 571 (Anno); [4]Id., 26 C. J. § 550 (Anno).

tiff. Motion for a directed verdict for defendant was reserved and denied along with a motion for judgment *non obstante veredicto.* The policy on the merchandise was for $2,000 and on the fixtures $200. Fifteen other insurance companies also carried risks on the merchandise. All of the policies totaled $16,200. Plaintiff claimed a total loss and recovered $362.45 upon defendant's policy covering the merchandise, and $105.44 upon the policy covering the fixtures.

Decision turns mainly upon whether the facts bring the issue of waiver within the rule stated in *Rott* v. *Insurance Co.,* 218 Mich. 576. The fire occurred May 3, 1923. At the request of adjusters plaintiff prepared an inventory and, on May 22, 1923, three adjusters, representing the several insurance companies carrying the risk and acting in concert, appeared to view and ascertain the loss. Dispute between them and plaintiff at once arose, and plaintiff withdrew, came back and withdrew again. The adjusters went on without him for a time and then, plaintiff claimed, informed him the companies would pay $3,200 and no more. This was denied by the adjusters, who claimed such sum was mentioned in an effort to reach an agreement. Upon refusal to accept the sum offered, the adjusters, the same day, served a demand for appraisers and, plaintiff not complying therewith, but, on July 3, 1923, commencing this suit, application was made to the circuit court and, July 9, 1923, the court appointed an umpire. The trial judge left the question of waiver to the jury. There was testimony supporting the finding of the jury that there was a waiver. No motion for a new trial was made and we must accept the verdict upon the question of waiver as final.

Plaintiff testified that Mr. Griffin, one of the adjusters, said they would pay $3,200 and would not pay any more, and Mr. Anderson, a clerk in the employ of plaintiff, testified:

"I was in the store on May 22d, when the three adjusters came there. * * * I heard them conversing together in the store and talking with Mr. Maki. They were agreeing and acting together. They agreed to what each other said to Mr. Maki. They said to Mr. Maki, 'I will give you $3,200 and no more.' Mr. Maki replied, 'Is that all?' The adjuster then said, 'Yes, that is all.'"

This was denied by the adjusters. Mr. Griffin, one of the adjusters, testified:

"*Q.* What did Mr. Hansen (one of the adjusters) say to Mr. Maki in your presence?

"*A.* Mr. Hansen stated to Mr. Maki that on behalf of himself and the other two of us he was willing to make a recommendation of $3,200 settlement for the loss and damage to the stock. The three of us agreed that that was the amount that we would offer Mr. Maki. Mr. Maki said that he wouldn't take anything less than the total amount of his insurance, $16,200. Mr. Hansen stated that in view of these conditions it would be necessary for us to enter into an appraisal, and I then drew out the appraisal blanks and started to make up the appraisal blanks. because Mr. Maki had repeatedly told us that it was $16,200 and no less, and we didn't believe that that was the amount of his loss."

Later in the day Mr. Maki and his attorney visited the adjusters at the hotel and it is claimed Mr. Griffin said to Mr. Maki that the companies would pay $3,200 and no more: "We won't give you another cent." And Mr. Maki then stated he would have to sue the companies, and Mr. Griffin replied: "Mr. Maki, go on and sue us. We will show you up. You won't get one cent more than $3,200."

The adjusters, so acting in concert, representing their several companies, had authority to bind their companies by settlement with plaintiff, and authority to deny liability in whole or admit liability to a stated amount, and to assert no liability beyond such would be recognized, except by judgment in court, and sub-

mit their companies to the consequences of their declarations, including that of waiver of right to an appraisal. Right to have an appraisal rested upon efforts made in good faith to agree and failure to reach an agreement, and not upon a one-sided determination of what the insurers would pay and beyond which they would not submit to liability. A disagreement over the amount of a loss may be arbitrated and must go to appraisers under the policies in question, but a limit placed on liability by the insurers is an assumption of right of self-determination, admits of no arbitration and operates as a waiver of appraisers. If the adjusters declared to the insured that the insurers would pay $3,200 and no more, they thereby lost the right to an appraisal after rejection of their ultimatum. If, after such ultimatum, they demanded right of appraisal and, when plaintiff refused their demand, reasserted the ultimatum and stated that plaintiff might sue, and plaintiff took them at their word and did so (as he did), they estopped their companies from asserting the defense of right of arbitration before suit. The evidence brings the case within the rule stated in *Rott* v. *Insurance Co.,* *supra*.

The errors alleged in the instructions to the jury present no ground for reversal. The adjusters were in no sense arbiters of the rights of the insured and, if they set the limit of liability to be recognized by their companies, they usurped the power of appraisers without recognition of the rights of the insured, and the law will not let them try out such a method and, upon failure, fall back to the method they should have pursued in the first place, but in fact flouted. If there was a waiver of arbitration, then, of course, the appointment of an umpire by the circuit court thereafter was a nullity. The defendant was not entitled

to a directed verdict or to judgment notwithstanding the verdict.

We find no reversible error and the judgment is affirmed, with costs to plaintiff.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, and FELLOWS, JJ., concurred. MOORE, J., did not sit.