Roy C. NORTON and Mary Norton, Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, a corporation, Defendant.

Civ. No. 24080.

United States District Court
E. D. Michigan, S. D.

Feb. 13, 1964.

Frank F. Gazley and Gerald Tuchow, Flat Rock, Mich., for plaintiff.

Garan, Lucow & Miller, Detroit, Mich., for defendants.

KAESS, District Judge.

Plaintiffs allegedly sustained personal injuries when an unidentified motorist crossed into their traffic lane without warning and forced their automobile into a ditch. The accident occurred on July 16, 1960, while they were travelling in Kentucky. Plaintiffs were insured by defendant. They base their claim upon the following provision of the contract of insurance:

"Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile."

Defendant has moved to dismiss on the ground that plaintiffs have failed to

state a claim upon which relief can be granted. Defendant contends that, in the event of disagreement as to legal liability or the amount of damages, the only remedy available to the insured is to proceed to arbitration and that suit may not be brought until the process of arbitration has been exhausted. The following provision of the contract is relied upon:

"The determination as to whether the insured shall be legally entitled to recover damages, and if so entitled the amount thereof, shall be made by agreement between the insured and Allstate.

"In the event of disagreement and upon written demand of the insured, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof. The insured and Allstate each agrees to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this Section II."

The parties have conferred. They have found that an agreement between them cannot be reached. Defendant has denied all liability. It has not denied the existence of the contract, nor has it attempted to frustrate the process of arbitration. It is the court's understanding that defendant has admitted coverage and is prepared to submit to arbitration the issues "as to whether the insured shall be legally entitled to recover damages, and if so entitled the amount thereof." In Blake v. Farmers' Mut. Lightning Protected Fire Ins. Co., 194 Mich. 589, 161 N.W. 890, the responsibility for initiating the process of arbitration was placed on the insurance company. It failed to give timely notice to the insured of its intention to proceed to arbitration. In Rorick v. State Mut. Rodded

Fire Ins. Co., 263 Mich. 169, 248 N.W. 584, the insurance company denied the existence of the contract. In Maki v. Commonwealth Ins. Co. of New York, 232 Mich. 295, 205 N.W. 83, the insurance company attempted, without any justification, to limit the award that might be made by appraisors. Thus, these cases may be distinguished. Defendant's failure to agree to pay substantial damages, of itself, does not excuse plaintiffs from proceeding to arbitration.

■■ Under the Insurance Code of 1956, Pub.Acts 1956, No. 218, any reasonable remedy for adjudicating claims established by an insurance company must be exhausted before suit is brought. Mich.Stat.Ann.1957 Rev. § 24.12254; Pub.Act 1956, No. 218, § 2254. Provisions for arbitration have long been upheld. Bone v. Grange Mut. Fire Ins. Co., 215 Mich. 396, 184 N.W. 406. It is not necessary for the court to determine the enforceability of the provision in issue under the arbitration statute that was in effect at the time of the formation of the contract and at the time of the accident, Act 182, Michigan Public Acts of 1941, or under the present arbitration statute, Mich.Stat.Ann.1962 Rev. § 27A.-5001, Pub.Acts 1961, No. 236, § 5001, since it is clear that arbitration was intended as a remedy to be exhausted before suit was brought. Plaintiffs complain that they would be bound by a decision of the arbitrator, and would not have their day in court. There are numerous cases defining the rights of the insured in the process of arbitration. See, e. g., Shapiro v. Patrons' Mut. Fire Ins. Co., 219 Mich. 581, 189 N.W. 202. In addition, the Michigan Supreme Court has established a procedure for the review of statutory arbitration under the Revised Judicature Act. Michigan General Court Rule 769. Adequate protection of the insured can be afforded. It must be concluded that plaintiffs' action is premature.

It is ordered, therefore, that this action be dismissed.