**Alton J. VanHORN, Plaintiff,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, and Robert Nelson, Defendants.**

**Civ. No. 28697.**

United States District Court
E. D. Michigan, S. D.

Oct. 20, 1966.

Peter E. Bradt, Port Huron, Mich., for plaintiff.

Eggenberger & Eggenberger, Detroit, Mich., for defendant, State Farm Mutual Automobile Ins. Co.

John J. Goetz, Mt. Clemens, Mich., for defendant, Robert Nelson.

ORDER GRANTING DEFENDANT STATE FARM'S MOTION TO DISMISS COMPLAINT

KAESS, District Judge.

This action was brought in the Circuit Court for St. Clair County, Michigan, to recover under automobile insurance policy Number 2853 932–F19–22, issued by State Farm Mutual Automobile Insurance Company to plaintiff. It was removed to this court pursuant to the provisions of Section 1441(a) of Title 28, United States Code.

In "INSURING AGREEMENT III— UNINSURED AUTOMOBILE COVERAGE" of the policy issued to plaintiff, State Farm Mutual Automobile Insurance Company agreed:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."

It is alleged in the complaint that plaintiff was injured when the automobile he was driving was struck by an uninsured automobile negligently driven by defendant Robert Nelson. The parties have been unable to agree, and neither side has demanded arbitration. It is plaintiff's position that the arbitration provision is void and unenforceable because it violates the Michigan arbitration law,[1] violates the Michigan court rule providing for vacating or modifying arbitration awards,[2] waives plaintiff's right to the trial of the issues by a court, attempts to delegate judicial power to private individuals, and does not provide a reasonable remedy for adjudicating claims.

Defendant State Farm Mutual Automobile Insurance Company, pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, moves to dismiss the complaint for failure to state a claim upon which relief can be granted. Defendant advances two arguments in support of its motion: First, the Michigan statute which prohibits naming an insurer in an original action for personal injury precludes a direct action against defendants;[3] second, in Michigan, arbitration is a valid and acceptable remedy for adjudicating claims which must be exhausted before suit is brought.

It is unnecessary to pass upon the defendant's first contention, in view of the fact that this case is clearly within the scope of the holding in Norton v. Allstate Ins. Co., 226 F.Supp. 373 (E.D.Mich. 1964). In *Norton*, this court held that an insured could not recover under the uninsured motorist provisions of a policy similar to that involved here, until after submission to arbitration. It was pointed out that under the Michigan Insurance Code of 1956, any reasonable remedy for adjudicating claims established by an insurance company must be exhausted before suit is brought, and arbitration provisions have been held valid in Michigan.[4]

It was further held that there was no need to determine enforceability of the arbitration provision, as arbitration was a remedy to be exhausted before suit was brought.

It is ordered, therefore, that defendant State Farm Mutual Automobile Insurance Company's motion to dismiss the complaint is granted.

---

1. C.L. of '48 §§ 600.5001–600.5035; Mich. Stat.Ann. §§ 27A.5001–27A.5035 [P.A. 1961, No. 236].

2. Rule 769, Michigan General Court Rules of 1963.

3. C.L. of '48 § 500.3030; Mich.Stat.Ann. § 24.13030 [P.A.1956, No. 218].

4. C.L. of '48 § 500.2254, Mich.Stat.Ann. § 24.12254; Bone v. Grange Mut. Fire Ins. Co., 215 Mich. 396, 184 N.W. 406 (1921).