**Alton J. VAN HORN, Plaintiff-Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.**

**No. 17645.**

United States Court of Appeals Sixth Circuit.

April 9, 1968.

Peter E. Bradt, Port Huron, Mich., for appellant.

William D. Eggenberger, Detroit, Mich., for appellee; Eggenberger & Eggenberger, Detroit, Mich., on the brief.

Before O'SULLIVAN and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM:

In this action, which was removed to the District Court from a state court, plaintiff-appellant seeks recovery from defendant-appellee, the carrier of his automobile insurance, for damages allegedly resulting from the negligent operation of a vehicle by an uninsured motorist. (Hereinafter the parties will be referred to as they were in the trial court.) The District Court sustained defendant's motion to dismiss on the ground that plaintiff failed to state a cause of action because it is not alleged that the matter had been submitted to arbitration prior to the institution of this action. This appeal is from such dismissal.

The policy issued by defendant to plaintiff obligated it "[t]o pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile * * *, caused by accident and arising out of the ownership * * * of such uninsured automobile. * * *" The policy then goes on to provide for the determination of both the fact of liability and the amount of damages "by agreement between the insured * * * and the Company, or, if they fail to agree, by arbitration." A subsequent provision of the policy establishes the arbitration machinery, and plaintiff concedes that no arbitration has been sought or entered into. It is, rather, his sole contention on this appeal that the arbitration provisions "of the uninsured automobile coverage [had been] waived and revoked."

Plaintiff in his brief and argument in this court relied largely on the old case of Nurney v. Fireman's Fund Insurance Company, 63 Mich. 633, 30 N.W. 350 (1886). He argues that *Nurney* "has never been overruled," but it is clear that that case no longer represents a statement of the law of Michigan. See Chippewa Lumber Co. v. Phoenix Insurance Co., 80 Mich. 116, 44 N.W. 1055 (1890); National Home Building and Loan Association v. Dwelling House Insurance Co., 106 Mich. 236, 64 N.W. 21 (1895); and Norton v. Allstate Insurance Company, 226 F.Supp. 373 (E.D. Mich.1964).

In *Norton*, the opinion in which was written by District Judge Kaess, who also entered the order from which the present appeal was perfected, the following language which is directly applicable appears (374):

"Under the Insurance Code of 1956, Pub.Acts 1956, No. 218, any reasonable remedy for adjudicating claims established by an insurance company must be exhausted before suit is brought. Mich.Stat.Ann.1957 Rev. § 24.12254; Pub.Act 1956, No. 218, § 2254. Provisions for arbitration have long been upheld. Bone v. Grange Mut. Fire Ins. Co., 215 Mich. 396, 184 N.W. 406. It is not necessary for the court to determine the enforceability of the provision in issue under the arbitration statute that was in effect at the time of the formation of the contract and at the time of the accident, Act 182 Michigan Public Acts of 1941, or under the present arbitration statute, Mich.Stat.Ann.1962 Rev. § 27A.–5001, Pub.Acts 1961, No. 236, §

5001, since it is clear that arbitration was intended as a remedy to be exhausted before suit was brought. Plaintiffs complain that they would be bound by a decision of the arbitrator, and would not have their day in court. There are numerous cases defining the rights of the insured in the process of arbitration. See, e. g., Shapiro v. Patrons' Mut. Fire Ins. Co., 219 Mich. 581, 189 N.W. 202. In addition, the Michigan Supreme Court has established a procedure for the review of statutory arbitration under the Revised Judicature Act. Michigan General Court Rule 769. Adequate protection of the insured can be afforded. It must be concluded that plaintiffs' action is premature."

In his order of dismissal in the present action, Judge Kaess stated, "In *Norton*, this court held that an insured could not recover under the uninsured motorist provisions of a policy similar to that involved here, until after submission to arbitration." His dismissal is on that ground. We are of the view that Judge Kaess accurately stated the applicable law of Michigan both in *Norton* and in his order herein.

Affirmed.