STAGRAY *v.* DETROIT AUTOMOBILE
INTER-INSURANCE EXCHANGE.

1. INSURANCE—EXHAUSTION OF REMEDY—ACTION.
   Any reasonable remedy for adjudicating claims established by an insurance company, such as agreement for arbitration, must be exhausted before action may be brought on an insurance policy (CLS 1961, § 500.2254).

2. ARBITRATION AND AWARD—DETERMINATION OF LIABILITY.
   Provisions for arbitration where parties to a contract are unable to agree upon liability or the amount thereof are sustained under the law because they provide a simple and inexpensive method for the prompt adjustment and settlement of claims.

3. SAME—APPOINTMENT OF ARBITRATORS—FRAUD.
   Rules of arbitration association providing for manner of conducting arbitration proceedings and allowing for objections upon the part of either party to the appointment of the arbitrator or arbitrators and for the permissive appointment of 3 arbitrators do not constitute fraud upon either party to contract providing for arbitration by such association nor are they in violation of the laws of the State.

4. SAME—REMEDY.
   An action that is equitable in nature is available for setting aside an arbitration award should there be any ground for relief by reason of such arbitration (GCR 1963, 769).

5. INSURANCE—UNINSURED MOTORIST CLAUSE—ARBITRATION AND AWARD.
   Summary judgment was properly granted defendant insurer under uninsured motorist clause, where insured sued before exhausting arbitration procedure provided by the policy.

6. COSTS—PUBLIC QUESTION—UNINSURED MOTORIST COVERAGE—ARBITRATION.
   No costs are allowed in action by pedestrian against insurer under an automobile insurance policy containing uninsured motorist coverage, where a question of public interest is involved concerning arbitration.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 5]  29A Am Jur, Insurance § 1612.
[2]  5 Am Jur 2d, Arbitration and Award § 5.
[3]  5 Am Jur 2d, Arbitration and Award § 86.
[4]  5 Am Jur 2d, Arbitration and Award §§ 167, 168.
[6]  5 Am Jur 2d, Appeal and Error § 1009.

Appeal from Bay; Quinn (Timothy C.), J. presiding. Submitted Division 3 May 11, 1965, at Lansing. (Docket No. 48.) Decided July 19, 1965.

Complaint by Donald Stagray and Regina Stagray against Detroit Automobile Inter-Insurance Exchange, a corporation, for breach of a contract to insure. Complaint dismissed. Plaintiffs appeal. Affirmed.

*Patterson & Patterson* (*John M. Patterson,* of counsel), for plaintiffs.

*Isackson & Neering* (*Patrick D. Neering,* of counsel), for defendant.

HOLBROOK, J. Plaintiffs-appellants are owners of an insurance policy commonly referred to as "automobile insurance," issued pursuant to written application of Donald Stagray by defendant company. Amongst the risks covered in said policy is a provision for uninsured motorist coverage. The pertinent provisions relating to same are as follows:

"Section 4—Uninsured motorists.
"Coverage G–Part (1) All sums which the insured shall be legally entitled to recover as damages, including damages for care and loss of services, from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death, resulting therefrom, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile;    *    *    *
"Condition 5—Determination of legal liability and amount of damages. The determination as to whether the insured shall be legally entitled to recover damages and if so entitled the amount thereof, shall

be made by agreement between the insured and the Exchange.

"In the event of disagreement and upon the written demand of either, the matter or matters upon which the insured and Exchange do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. The insured and the Exchange each agrees to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage. Such an award shall be a condition precedent to any action against the Exchange by reason of the insurance afforded by this coverage."

On December 20, 1962, plaintiff Regina Stagray was injured when struck as a pedestrian by an automobile owned and driven by Dwight E. Hepinstall, an uninsured motorist, at Bay City, Michigan, and plaintiffs claim damages under the provisions of the policy.

Plaintiffs have sued Hepinstall in a separate action but have not as yet taken judgment.

Plaintiffs-appellants conferred with defendant-appellee pursuant to the insurance contract, but could not reach an agreement on either the right to recover or amount of recovery under the uninsured motorist coverage of the policy. Defendant-appellee claims Regina Stagray to be guilty of contributory negligence.

Plaintiffs, by letter dated September 23, 1963, addressed to defendant, demanded that the dispute be resolved by arbitration in accordance with the terms of the policy and nominated an arbitrator and demanded the defendant nominate an arbitrator. It now appears that plaintiffs believed that the two would name a third arbitrator. This may be because

the terms of the policy refer to determination by *arbitrators*.

Defendant denied that plaintiffs' demand for arbitration in such manner was proper under the terms of the policy and filed a formal demand with the American Arbitration Association and served a copy on plaintiffs' counsel October 28, 1963.

Plaintiffs commenced this action on October 30, 1963, against the defendant claiming judgment therein for the reason that defendant violated its contract and refused to arbitrate properly under Michigan law and further charged that the method of selecting arbitrators by the American Arbitration Association is a fraud upon the plaintiffs.

An arbitrator was appointed by the American Arbitration Association, December 9, 1963, to hear the dispute. Promptly plaintiffs filed a supplemental complaint objecting to such appointment upon the ground that the said arbitrator was a leading insurance company attorney in Bay county.

Defendant entered an appearance and moved to dismiss plaintiffs' complaint December 18, 1963, upon the grounds that plaintiffs were not entitled to any relief thereunder[*]; the suit was premature in that arbitration in accordance with the terms of the policy had not been completed; and further that the provisions of the policy providing for arbitration had not been shown by plaintiffs' complaint to be unlawful or invalid.

The said motion was heard on the 13th day of January, 1964, before the Honorable Timothy C. Quinn, presiding judge, who granted the motion to dismiss in the form of a summary judgment "for plaintiffs' failure to establish a claim in their complaint upon which relief can be granted." Plaintiffs-appellants appeal from said order.

---

[*] See GCR 1963, 117.3.—REPORTER.

The question arises as to whether or not the provisions in the policy providing for arbitration under the rules of the American Arbitration Association are legal and binding upon the parties to the insurance contract.

The insurance code of 1956 provides in part that any reasonable remedy for adjudicating claims established by an insurance company must be exhausted before suit is brought. PA 1956, No 218 (CLS 1961, § 500.2254 [Stat Ann 1957 Rev § 24-.12254]).

Similar provisions in other insurance contracts have been held as valid and binding on the insured, requiring him to exhaust the remedies so provided before he can invoke the aid of the courts. *Bone* v. *Grange Mutual Fire Ins. Co.* (1921), 215 Mich 396. *Norton* v. *Allstate Insurance Company* (ED Mich, 1964), 226 F Supp 373.

Provisions providing for arbitration where parties to the contract are unable to agree upon liability or the amount thereof, are sustained under law because they provide a simple and inexpensive method for the prompt adjustment and settlement of claims.

The rules of the American Arbitration Association provide for the manner of conducting the arbitration proceedings and allow for objections upon the part of either party to the appointment of the arbitrator or arbitrators and further provide for permissive appointment of three arbitrators. Plaintiffs cite nothing in the rules that constitute fraud or a violation of the laws of our State.

Should there be any ground for relief by reason of such arbitration, plaintiffs would be able to maintain an action equitable in nature to set aside the award and for other relief. *Palmer* v. *Patrons' Mutual Fire Insurance Co. of Michigan* (1922), 217 Mich 292; *Smith* v. *Port Huron Gas & Electric Co.* (1922), 217 Mich 519.

The Michigan Supreme Court has also established procedure for the review of statutory arbitration, GCR 1963, 769. Adequate rights of review of an insured of arbitration proceedings are provided under the laws of our State.

The trial court properly granted summary judgment dismissing plaintiffs' complaint. Affirmed. No costs are allowed, a question of public interest being involved.

LESINSKI, C. J., and BURNS, J., concurred.