BRADT *v.* ALLSTATE INSURANCE COMPANY

1. INSURANCE—CLAIMS ADJUDICATION—REMEDIES—EXHAUSTION OF REMEDY—STATUTES—ACTION.

   Any reasonable remedy for adjudicating claims established by an insurance company must first be exhausted by a claimant before suing on his insurance policy (MCLA § 500.2254).

2. ARBITRATION AND AWARD—INSURANCE—REMEDIES—REASONABLENESS.

   Arbitration as a remedy for adjudicating insurance claims has long been recognized as reasonable and valid under Michigan law (MCLA § 500.2254).

3. ARBITRATION AND AWARD—CONTRACTS—INSURANCE—ARBITRATION REMEDY—EXHAUSTION—CONDITION PRECEDENT—DISMISSAL AND NONSUIT.

   Exhaustion of the arbitration remedy provided in claimants' insurance contract was a condition precedent to their suing on such contract and their failure to exhaust that remedy required that their action for damages be dismissed for prematurity.

4. ARBITRATION AND AWARD—INSURANCE—CONTRACT—ARBITRATION REMEDY—INITIATION.

   Insurance company's initiation of arbitration proceedings was without contractual authority where the insurance policy gave the insured the right to initiate arbitration by a written demand therefor.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance §§ 1415–1419.
[2] 44 Am Jur 2d, Insurance §§ 1708, 1719–1722.
[3] 44 Am Jur 2d, Insurance §§ 1709, 1712.
[4] 44 Am Jur 2d, Insurance §§ 1707, 1711–1713.
[5] 5 Am Jur 2d, Arbitration and Award §§ 77, 80, 83, 187.
[6] 5 Am Jur 2d, Arbitration and Award § 83.

5. ARBITRATION AND AWARD—INJUNCTION—COURT RULE.

  A court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate (GCR 1963, 769.2[2]).

6. ARBITRATION AND AWARD—INJUNCTION—COURT RULE—INSURANCE.

  Preliminary injunction restraining defendant insurance company from proceeding with arbitration to determine plaintiffs' claim for damages under their insurance contract was properly granted under court rule permitting a stay of commenced or threatened arbitration proceedings when there is no arbitration agreement, where that contract clearly gave the insured plaintiffs the right to determine when to arbitrate by making a written demand therefor, plaintiffs made no such demand, and defendant insurance company, without contractual authority, had initiated those arbitration proceedings (GCR 1963, 769.2[2]).

Appeal from St. Clair, Stanley C. Schlee, J. Submitted Division 2 December 10, 1969, at Detroit. (Docket No. 6,337.) Decided February 5, 1970.

Complaint by Emily E. Bradt and Peter E. Bradt against Allstate Insurance Company, an Illinois corporation, American Arbitration Association, a New York corporation, Stewart J. Katz and Edward M. Ranger to recover on their insurance contract. Defendant insurance company's motion for a summary or accelerated judgment denied. Defendant appeals. Affirmed in part, reversed in part, and remanded.

*Bush, Luce, Henderson & Black,* for plaintiffs.

*Garen, Lucow & Miller* (*David J. Cooper,* of counsel), for defendant Allstate Insurance Company.

Before: LESINSKI, C. J., and LEVIN and DANHOF, JJ.

LESINSKI, C. J.    Plaintiffs filed suit to recover under the uninsured motorist provision of their insurance contract with Allstate.    Defendant Allstate Insurance Company moved for summary and/or accelerated judgment.    After Allstate's motions were denied by the trial court, this Court granted leave to appeal.[1]    The trial court held that the insurance contract between the parties did not preclude plaintiffs from bringing suit against defendant Allstate before submitting their claim to arbitration.

The basic facts are not in dispute.    Plaintiffs were insured with defendant Allstate and carried uninsured motorist coverage.    Emily Bradt was involved in an automobile accident with an uninsured motorist and alleged that she sustained an injury.    She attempted to collect from Allstate but the parties could not resolve their differences.

Allstate demanded arbitration and proceeded to arrange for hearings before the American Arbitration Association.    This action was taken under the following contractual provision:

"Determination of Legal Liability and Amount of Damages.

"The determination as to whether the insured shall be legally entitled to recover damages, and if so entitled the amount thereof, shall be made by agreement between the insured and Allstate.

"In the event of disagreement and upon written demand of the insured, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.    The insured and Allstate each agrees to consider itself bound and to be bound by any award

---

[1] Leave was granted by order on December 13, 1968.

made by the arbitrator(s) pursuant to this Section II (uninsured motorist section)."

The record reveals that plaintiffs never demanded arbitration. Moreover, they expressed dissatisfaction with the arrangements made by Allstate. Twice they had the arbitration hearing postponed. They sent several letters attempting to get the hearing moved from Detroit to Port Huron for the reason that the witnesses to the accident resided in the Port Huron area. This request was refused by the American Arbitration Association on the grounds that: "A. The respondent is the moving party. B. An earlier hearing date can be scheduled in Detroit." They were then informed by the Association that all further requests for postponements would be denied.[2]

Plaintiffs then commenced this suit, seeking an order enjoining Allstate and the American Arbitration Association from proceeding with arbitration and damages under the uninsured motorist provision. The trial court granted a preliminary injunction. Defendant Allstate then moved for summary and/or accelerated judgment on the damages suit and for dismissal of the injunction.

The questions presented on appeal are whether plaintiffs' suit for damages was properly brought before arbitration and whether the injunction was properly granted.

MCLA § 500.2254 (Stat Ann 1957 Rev § 24.12254), provides in pertinent part: "That any reasonable remedy for adjudicating claims established by such [insurance] company or companies shall first be exhausted by the claimant before commencing suit."

___

[2] The question of whether the actions taken by plaintiff amounted to a submission to the jurisdiction of the American Arbitration Association is not raised on this appeal by the concession of the defendants.

In the instant case Allstate has provided plaintiffs with the r ht to binding arbitration, a remedy long recognized as reasonable under Michigan law. *Bone v. Grange Mutual Fire Insurance Co.* (1921), 215 Mich 396. The validity of this provision and similar provisions in other insurance contracts is well accepted. *Norton* v. *Allstate Insurance Company* (ED Mich, 1964), 226 F Supp 373; *Stagray* v. *Detroit Automobile Inter-Insurance Exchange* (1965), 1 Mich App 321. Since the arbitration remedy has not been exhausted, the instant suit for damages is premature and must be dismissed. *Stagray* v. *Detroit Automobile Inter-Insurance Exchange, supra; Van Horn* v. *State Farm Mutual Automobile Insurance Co.* (CA 6, 1968), 391 F2d 910.

Allstate's motion below also sought dismissal of the injunction obtained by plaintiffs. The issue thus raised is: whether Allstate had a right under the contract to initiate arbitration.

While the question may appear academic, since plaintiffs will ultimately have to go to arbitration themselves if they are to have a remedy, it has procedural importance. The importance is illustrated in the case at bar where Allstate has attempted to force plaintiffs to arbitrate at a time and place unsatisfactory to the plaintiffs.

The controlling clause in the contract reads as follows:

"In the event of disagreement *and upon written demand of the insured,* the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association." (Emphasis supplied.)

Like any other contract clause this must be interpreted under the general rules of construction. 2 MLP, Arbitration, § 2, p 459.

Beyond the obvious necessity of a dispute, the plain meaning of the clause requires a written demand by the insured[3] as a condition precedent to arbitration.[4] Allstate apparently concedes as much in its brief, where it states: "What the policy does is to provide a protection for the insured: The company cannot force an insured into arbitration if the insured is not ready to arbitrate his case. * * * The insured under the Allstate policy may decide *when* to arbitrate."

When Allstate commenced arbitration, it was clearly without contractual authority. Moreover, the result of this action was to undermine the very purpose which Allstate concedes existed: *i.e.,* the right of the insured to determine when to arbitrate.[5] Therefore, Allstate was correctly enjoined from proceeding without plaintiffs' written demand.

While it might be argued that GCR 1963, 769.2(2) precludes this result, such is not the case. That rule provides: "On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate." Although there was an agreement to ultimately arbitrate in the instant case, there never

---

[3] This is to be distinguished from such cases as *Stagray* v. *Detroit Automobile Inter-Insurance Exchange* (1965), 1 Mich App 321, where the insurance contract provided for arbitration "upon written demand of either." Significantly this distinction is recognized by Allstate when it states in its brief: "Because of this difference in language the court no doubt would have been justified in permanently enjoining Allstate's demand for arbitration since there is no basis in the policy for Allstate to demand arbitration."

[4] *Nurney* v. *Fireman's Fund Insurance Company* (1886), 63 Mich 633. There the Court held that an insurance policy clause providing for arbitration of a dispute upon the written demand of either party made such a demand a condition precedent to arbitration.

[5] Significantly, it might be noted that Allstate's actions also had a heavy influence on the location of the arbitration hearing, much to the inconvenience of plaintiffs' case. The first reason given by the American Arbitration Association for denying plaintiffs' request for a change of location was that plaintiffs were the respondents in the arbitration. This reason would not have existed if the contractual provision had been met.

existed an agreement to allow Allstate to commence arbitration without the plaintiffs' written demand.

The trial court's denial of Allstate's motion is, therefore, affirmed in part and reversed in part. The cause is remanded to the trial court for action consistent with this opinion.

All concurred.