GREEN v. BLICHARSKI

1. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—INSURANCE—AMOUNT "PAID OR PAYABLE"—MEANING—ARBITRATION CLAUSE.

The terms "paid" and "payable" as used in the Motor Vehicle Accident Claims Act's provision governing the extent of liability of the Motor Vehicle Accident Claims Fund when an amount is "paid" or "payable" by an insurer have the same meaning where the insurance policy provided that the amount payable should be agreed on between the parties, or if that were impossible, by arbitration, and where an arbitration award has been made pursuant to the policy (MCLA § 257.1122).

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 7 Am Jur 2d, Automobile Insurance §§ 135–138.
[3] 44 Am Jur 2d, Insurance § 1708.
Uninsured motorist indorsement: validity and enforceability of provision for binding arbitration, and waiver thereof. 17 ALR 3d 1325.
[4] 44 Am Jur 2d, Insurance §§ 1719, 1720.
[5] 5 Am Jur 2d, Arbitration and Award §§ 146, 147.

2. Automobiles—Motor Vehicle Accident Claims Act—Insurance—Amount "Paid or Payable"—Arbitration Clause.
   Motor Vehicle Accident Claims Fund was liable for $8,750 to a plaintiff injured by an insured motorist where the plaintiff had a $10,000 maximum coverage insurance policy, the policy provided that the amount payable was to be settled by arbitration, the arbitration award was $7,250, and the plaintiff recovered judgment against the uninsured motorist, because the amount "paid" or "payable" to the plaintiff by reason of insurance was $7,250 once the arbitration award had been made, not the $10,000 maximum coverage (MCLA § 257.1122).

3. Insurance — Insurance Contracts — Arbitration — "Amount Payable" Clause — Validity.
   A clause in an insurance contract providing for arbitration to determine the amount payable, up to the policy's limit, by the insurer is a valid method for adjudicating claims under a policy and does not offend statute law or public policy.

4. Arbitration and Award—Insurance Policy—Vacating Award—Modifying Award—Court Rule.
   An arbitration award, made pursuant to an insurance policy stating that the exact amount payable, up to the policy's maximum coverage, would be determined by the parties to the contract or by arbitration, must be confirmed by the courts as final unless there exists one of the enumerated grounds in the applicable court rule governing the vacating of awards; the award may be modified or corrected only by a showing of one of the grounds specified in the applicable court rule (GCR 1963, 769.9, 769.10).

5. Arbitration and Award—Finality.
   The finality of an arbitrator's award is not vitiated by the fact that greater damages are found by a court in separate proceedings (GCR 1963, 769).

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 December 8, 1970, at Detroit. (Docket No. 9573.) Decided March 26, 1971.

Complaint by Virgil Green and Enid Green against Frederick Adam Blicharski for negligence. Judgment for plaintiffs. Plaintiffs' motion for payment by the Motor Vehicle Accident Claims Fund

for the difference between the damages awarded and the plaintiffs' settlement with their insurer granted. The Secretary of State appeals. Affirmed.

*Sanford N. Lakin,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for the Secretary of State.

Before: LEVIN, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J. The parties to this appeal have filed a stipulated statement of facts, pursuant to GCR 1963, 809 and 812.10.

Plaintiff, Virgil Green, was riding a motorcycle when struck by a vehicle owned and operated by defendant, Blicharski. Defendant was an uninsured motorist, but plaintiff's insurance provided for uninsured motorist coverage.

Plaintiffs filed a claim for injuries sustained by them under the uninsured motorists provision of their policy with Allstate Insurance Company. The Allstate policy provided that the maximum amount payable by Allstate would be $10,000, but that the exact amount should be agreed upon by the insured and the company. In the absence of such agreement, arbitration in accordance with the rules of the American Arbitration Association would be binding. Plaintiffs and Allstate were unable to agree. Following a contested hearing, the arbitrator awarded plaintiffs $7,250 in full satisfaction of Allstate's obligation under its policy.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Having filed a timely notice of intent to claim, under the Motor Vehicle Accident Claims Act,[1] plaintiffs then filed suit against defendant Blicharski to recover the damages sustained by them in the accident. On trial, plaintiffs were awarded judgment against defendant of $16,000, plus interest and cost. They thereafter filed a motion pursuant to MCLA § 257.1107 (Stat Ann 1968 Rev § 9.2807) to compel payment from the fund for the sum of $10,447, being the difference between the amount of the circuit court judgment and the arbitration award already obtained by plaintiffs.

The Attorney General's office, representing the Secretary of State on behalf of the fund, contended that the actual sum owing was $6,000 plus costs, alleging that the correct formula was to subtract plaintiff's policy limit ($10,000) under their uninsured motorist coverage from the amount of the judgment.

*Per contra,* plaintiffs contend that the fund is obligated to them for the difference between the arbitrator's award ($7,250) and the circuit court judgment ($16,000) or $8,750, plus interest and costs, a total of $10,477. The fund appeals from the amount of the judgment of the trial court in favor of plaintiffs.

The question then is not whether the fund is liable, but in what amount. We examine the pertinent section of the statute, MCLA § 257.1122 (Stat Ann 1968 Rev § 9.2822):

"(2) No payment shall be made out of the fund in respect to a claim or judgment for damages or in respect to a judgment against the secretary, or any amount paid or payable by an insurer by reason of the existence of a policy of insurance
\* \* \*

---

[1] MCLA § 257.1101 *et seq.* (Stat Ann 1968 Rev § 9.2801 *et seq.*).

"(3) No amount sought to be paid out of the fund shall be sought in lieu of making a claim or receiving a payment that is payable by reason of the existence of a policy of insurance, * * * ."

It is immediately apparent that we are called upon to determine the difference between the meaning of the terms "paid" and "payable" as used in the statute, as those terms affect the case at bar.

There is none. The amount "payable" is the amount "paid". This, of course, is by reason of the arbitration clause in the policy. After the arbitration award was made according to the terms of the policy, there was nothing more "payable". The reason is because the policy says so. The only way to sustain the fund's position would be to hold the arbitration clause void as against public policy or by reason of some specific statutory prohibition against it. There is neither.

The arbitration clause of the Allstate policy has been upheld by this Court as a valid method for adjudicating claims under the policy. *Bradt* v. *Allstate Insurance Company* (1970), 21 Mich App 529. The award by the arbitrator is final. It must be confirmed by the court absent a showing of one of the defects spelled out by GCR 1963, 769.9. It may be modified or corrected only on a showing of one of the grounds specified in GCR 1963, 769.10. Under Court Rule 769, the finality of the arbitrator's award is not vitiated by the fact that in a separate proceeding greater damages are found by a court. In this case, the award of the arbitrator to plaintiffs was final. The amount payable, therefore, under the Allstate policy is the amount determined by the binding arbitration.

Following the valid, binding and final award of the arbitrator, plaintiffs had no further recourse against the insurance company. Plaintiffs have not

limited their recovery against the insurance company in order to claim against the Motor Vehicle Accident Claims Fund. They have, with full diligence and vigor, recovered from Allstate all that is payable to them under the policy. The $10,000 policy limit does not represent the amount payable under the insurance policy. It is merely a maximum fixed by contract, which the arbitration award could not exceed. In the instant case, the amount "paid" and the amount "payable" under the policy are one and the same.

The requirement of compulsory arbitration under the policy is a limitation, no different in kind than that limiting recovery for personal injury, thus excluding property damage.

As we have said on many prior occasions, where public policy or a specific statute is not offended, parties may contract as they choose. We cannot rewrite their contracts.

The result sought by the fund through the Attorney General doubtless could be had by legislative amendment. We eschew amendment by interpretation.

The order of the trial judge is affirmed. No costs.
All concurred.