WATTS v DEPARTMENT OF STATE

AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—VOLUNTARY
SETTLEMENT—UNINSURED MOTORIST COVERAGE.
The Motor Vehicle Accident Claims Fund is liable only for the
difference between the policy limit and the subsequent judg-
ment against the uninsured motorist tortfeasor where there
has been only a voluntary settlement for less than policy limits
between an insured and his insurer (MCLA 257.1101 *et seq.*).

Appeal from the Court of Claims, Mark S. An-
drews, J. Submitted Division 2 October 5, 1973, at
Lansing. (Docket No. 16097.) Decided October 30,
1973. Leave to appeal granted, 391 Mich 797.

Complaint by Boisey Watts · and Mary Watts
against the Michigan Department of State, Motor
Vehicle Accident Claims Fund, to satisfy a judg-
ment against uninsured tortfeasors. Judgment for
plaintiffs. Defendant appeals. Reversed and re-
manded with instructions.

*Sommers, Schwartz, Silver, Schwartz, Tyler &
Gordon, P. C.* (by *Jeffrey N. Shillman*), for plain-
tiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Joseph B. Bil-
itzke* and *Carl K. Carlsen, Assistants Attorney
General, for defendant.*

Before: McGREGOR, P. J., and BRONSON and CAR-
LAND,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance § 189 *et seq.*
* Former circuit judge, sitting on the Court of Appeals by assign-

PER CURIAM. On October 15, 1966, plaintiffs sustained personal injuries in an automobile accident. At the time of the accident they were insured against injuries sustained by virtue of uninsured motorist coverage in their own insurance policy. This policy afforded benefits not to exceed $10,000 for each of the two plaintiffs.

The plaintiffs instituted arbitration proceedings against their carrier pursuant to the provisions of the policy. The parties subsequently entered into a *voluntary settlement* for less than policy limits and discontinued the arbitration proceedings.

On August 17, 1970, the plaintiffs obtained a judgment against Mr. and Mrs. Henry Ford, the uninsured tortfeasors, for amounts in excess of the policy limits under the uninsured motorist sections of their own policies. Plaintiffs then attempted to satisfy this judgment against the Motor Vehicle Accident Claims Fund[1] claiming an amount equal to the difference between the voluntary settlement they reached with their carrier and the amount of their judgments. The fund paid only the difference between the judgment and the policy limits. Procedurally, the Court of Claims decided in favor of the plaintiffs and defendant fund appealed.

The issue for decision is:

Whether the Motor Vehicle Accident Claims Fund is liable for the difference between a *voluntary* settlement and policy limits as negotiated without the fund as a party and where the plaintiffs subsequently obtained a judgment against the uninsured tortfeasor in excess of the policy limits.

This very issue has recently been considered by another panel of our Court. *Brunner v Secretary*

ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 257.1101 *et seq.;* MSA 9.2801 *et seq.*

*of State,* 48 Mich App 535; 210 NW2d 786 (1973). In *Brunner* the Court considered our prior decision dealing with a settlement effected after contested proceedings.[2] *Green* is distinguishable from the instant case, which arose from a voluntary settlement. In *Brunner* it was reasoned that:

"Although there is no indication in the case at bar of fraud or collusion between plaintiff and his insurer, extension of the *Green* holding to the present facts would place the fund at the mercy of future private settlements which are negotiated in the absence of the Secretary of State, over which he has no power of approval, and which—unlike *Green* —are not concluded by an independent, impartial arbitrator whose presence would preclude any inference of impropriety." *(Brunner, supra,* at 541–542; 210 NW2d at 790.)

We find the reasoning and result of *Brunner* persuasive. The fund, where there has been only a voluntary settlement, is only liable for the difference between the policy limit and the subsequent judgment against the uninsured tortfeasor. The judgment of the Court of Claims is reversed and the case is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

---

[2] *Green v Blicharski,* 32 Mich App 15; 118 NW2d 113 (1971).