HOOGEBOOM v CARTER

OPINION OF THE COURT

1. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS FUND—UNIN-
SURED MOTORIST COVERAGE—VOLUNTARY SETTLEMENT.

A voluntary settlement between an insured plaintiff and his
insurer under the uninsured motorist provision of his policy,
undertaken without the participation of the Motor Vehicle
Accident Claims Fund, which is for an amount less than the
maximum liability limit of the policy, cannot be used to calcu-
late the liability of the Motor Vehicle Accident Claims Fund
under a subsequent judgment obtained by the plaintiff against
the uninsured motorist; the liability of the fund is the differ-
ence between the amount of the judgment and the maximum
limit of liability of the uninsured motorist provision of the
insurance policy, subject to the statutory maximum liability of
the fund (MCLA 257.1122, 257.1123).

2. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS FUND—VOLUN-
TARY SETTLEMENT—APPROVAL BY PROBATE COURT—ARBITRATION
AWARD.

Approval by a probate court of a voluntary settlement between a
minor insured plaintiff and his insurer is not, as in the case of
an arbitration award, sufficient to make the Motor Vehicle
Accident Claims Fund liable under a subsequent judgment for
the entire amount by which the judgment exceeds the settle-
ment; the approval of the probate judge is not the equivalent of
the arbiter's, since the arbiter decides issues after witnessing a
partisan contest, whereas the judge is asked to approve an
accomplished fact by both parties (MCLA 257.1122, 257.1123).

DISSENT BY O'HARA, J.

3. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS FUND—UNIN-
SURED MOTORIST COVERAGE—VOLUNTARY SETTLEMENT.

*A holding that the Motor Vehicle Accident Claims Fund is liable*

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 301, 302.

*under a subsequent judgment only for the excess over the maximum limit of liability of an insurance policy's uninsured motorist provision, where there has been a voluntary settlement between an insured plaintiff and his insurer for an amount less than the limit of the policy, deprives the injured plaintiff and his counsel of any right to negotiate, forcing them to submit to arbitration or insist upon payment of the full policy limits; it is the burden of the Motor Vehicle Accident Claims Fund to attack any settlement figure by affirmatively showing collusion or other fraud (MCLA 257.1122, 257.1123).*

Appeal from Kent, John H. VanderWal, J. Submitted Division 3 February 8, 1974, at Grand Rapids. (Docket No. 15943.) Decided April 29, 1974.

Complaint by Clarence Hoogeboom for himself and as next friend of Elaine Hoogeboom against Larry Carter and James Carter for negligence. Judgment for plaintiffs, the Motor Vehicle Accident Claims Fund being held liable for payment of the difference between the damages awarded and the plaintiffs' settlement with their insurer. The Secretary of State appeals. Reversed and remanded.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendants.

Before: R. B. BURNS, P. J., and ALLEN and O'HARA, * JJ.

R. B. BURNS, P. J. Plaintiff Elaine Hoogeboom, a minor, sustained injuries when struck by an automobile driven by defendant Larry Carter, an uninsured motorist. Plaintiffs' insurance policy pro-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

vided coverage against uninsured motorists for injuries up to $10,000. Through her guardian, Elaine voluntarily settled her claim with the insurance company for $6,000. The settlement was approved by the probate court. The Motor Vehicle Accident Claims Fund (hereinafter referred to as Fund) did not participate in either the settlement or its approval by the probate court.

Plaintiffs sued the defendants, and the Fund defended on their behalf. A judgment of $16,000 was entered against them. The trial judge held the Fund liable for the difference between the judgment and the settlement figure. The Fund appeals claiming that, under the circumstances of this case, it should only be liable for the difference between the judgment and the $10,000 limit on plaintiffs' uninsured motorist coverage.

Michigan statutes MCLA 257.1122; MSA 9.2822 and MCLA 257.1123; MSA 9.2823 state that the Fund is to pay up to $10,000 on judgments arising from injuries caused by uninsured motorists. But the amount owed is to be reduced by the sum paid or payable by an insurer for the same claim.

The proper determination of the amount by which plaintiffs' judgment is to be reduced depends upon the interpretation of two cases, *Green v Blicharski,* 32 Mich App 15; 188 NW2d 113 (1971), and *Brunner v Secretary of State,* 48 Mich App 535; 210 NW2d 786 (1973). *Green* involved a case essentially the same as this one except that Green did not reach a voluntary settlement with his insurer. Instead, his dispute with the insurer was submitted to binding arbitration pursuant to his insurance contract. The arbitrator awarded Green $7,250. He recovered the full difference between the arbitration award and the sum awarded him in a subsequent court action. *Brunner, supra,* in-

volved a voluntary settlement with the plaintiff's
insurer in which the Fund took no part. Brunner
was allowed to recover only the difference between
the maximum amount of coverage available to him
under his policy (regardless of the sum for which
he settled) and the judgment in his subsequent
court action. The *Brunner* Court distinguished
*Green, supra,* reasoning:

"This Court in *Green* ruled only upon the effect of an
*arbitration award* pursuant to terms of the insurance
policy, and did not consider a *voluntary settlement* such
as that existing in the instant case. Although there is
no indication in the case at bar of fraud or collusion
between plaintiff and his insurer, extension of the
*Green* holding to the present facts would place the fund
at the mercy of future private settlements which are
negotiated in the absence of the Secretary of State, over
which he has no power of approval, and which—unlike
*Green*—are not concluded by an independent, impartial
arbitrator whose presence would preclude any inference
of impropriety." 48 Mich App 535, 541–542, 210 NW2d
786. (Emphasis in original.)

Plaintiffs contend that the approval by the pro-
bate court in this case is sufficient to place this
case within the holding of *Green.* We disagree. We
believe that the reasoning of *Brunner* applies just
as forcefully to this case. The approval of the
probate court judge is not the equivalent of the
arbiter's. An arbiter decides issues after witnessing
a partisan contest; the judge is asked to approve
an accomplished fact by both parties. Therefore,
this case is controlled by *Brunner, supra.*

Reversed and remanded for further proceedings
in accord with our decision. Costs to defendants.

ALLEN, J., concurred.

O'HARA, J. *(dissenting).* I disagree with the

*Brunner*[1] panel that "extension of the *Green*[2] holding * * * would place the fund[3] at the mercy of future private settlements".

Conceding arguendo that the foregoing is true, the converse is that the injured party and his counsel are deprived of any right to negotiate. The holding in *Brunner* ordains that they must either submit to arbitration or insist upon a payment of the full policy limits.

My view is that it is the burden of the fund to attack and vitiate any settlement figure by affirmatively showing collusion or some other species of fraud.

I would affirm the judgment entered by the lower court.

---

[1] *Brunner v Secretary of State,* 48 Mich App 535, 541; 210 NW2d 786, 790 (1973).

[2] *Green v Blicharski,* 32 Mich App 15; 188 NW2d 113 (1971).

[3] The Motor Vehicle Accident Claims Fund.