COOPER v CURRIGAN

Opinion of the Court

1. Automobiles—Motor Vehicle Accident Claims Fund—Amount Payable—Sickness and Accident Benefits—Deductions.

Benefits received by an accident victim from his employer in the nature of sickness and accident benefits for a period of time during which he was unable to work because of his injuries are deductible from the amount payable by the Motor Vehicle Accident Claims Fund where the Fund is liable for payment of a judgment obtained by the victim against the negligent tort-feasor.

Dissent by D. E. Holbrook, P. J.

2. Automobiles—Motor Vehicle Accident Claims Act—Remedial Nature—Construction.

*The purpose of the Motor Vehicle Accident Claims Act was to provide a remedy for those victims of accidents who normally would receive no compensation for their injuries because of uncollectibility from a guilty tortfeasor; the act is remedial and is to be liberally construed (MCLA 257.1101 et seq.).*

3. Automobiles—Motor Vehicle Accident Claims Fund—Sickness and Accident Benefits—Constitutional Law—Classifications.

*Denial of full recovery from the Motor Vehicle Accident Claims*

References for Points in Headnotes

[1–3, 5] 7 Am Jur 2d, Automobile Insurance §§ 135–138.

Rights and liabilities under "uninsured motorists" coverage. 79 ALR2d 1252.

Unsatisfied claim and judgment statutes: validity and construction of provisions for deduction from awards of sums collectible by claimant from other sources. 7 ALR3d 836.

Uninsured motorist coverage: validity and effect of policy provision purporting to reduce coverage by amount paid under workmen's compensation law. 24 ALR3d 1369.

[4] 73 Am Jur 2d, Statutes § 254.

*Fund to claimants who also receive sickness and accident benefits from other sources, while allowing full recovery to those claimants receiving life, hospital, and medical insurance payments creates a classification which is without the force of compelling logic and which is unconstitutionally discriminatory.*

4. STATUTES—CONSTRUCTION—CONSTITUTIONAL LAW.

*A statute should be construed so as to bring it within the Constitution if it can be reasonably done.*

5. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS FUND—AMOUNT PAYABLE—JUDGMENT—SICKNESS AND ACCIDENT BENEFITS.

*Sickness and accident benefits paid to an injured accident victim by his employer pursuant to an employment contract are not in partial discharge of a claim or judgment against the negligent tortfeasor, and thus are not deductible from the amount of a judgment which is payable by the Motor Vehicle Accident Claims Fund (MCLA 257.1122[2], 257.1123[2]).*

Appeal from Ingham, James T. Kallman, J. Submitted Division 2 December 2, 1974, at Lansing. (Docket No. 18886). Decided March 11, 1975. Leave to appeal denied, 394 Mich 786.

Complaint by David J. and Wilma J. Cooper against David L. Currigan for damages for injuries received in an automobile accident. The Motor Vehicle Accident Claims Fund intervened as a defendant. Judgment for plaintiffs. The Accident Claims Fund appeals the order compelling it to pay the full amount of the judgment. Reversed.

*Abood, Abood & Abood, P. C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Paul J. Zimmer,* Assistants Attorney General, for the Motor Vehicle Accident Claims Fund.

Before: D. E. Holbrook, P. J., and R. B. Burns and Van Valkenburg,* JJ.

R. B. Burns, J. James Cooper received a personal injury judgment against David Currigan, an uninsured motorist. He was unable to work for a period of time and, pursuant to his employment contract, Mr. Cooper received $1,428 from his employer in the nature of sickness and accident benefits. As to that amount, intervening defendant Motor Vehicle Accident Claims Fund resisted payment of the judgment. The trial court held that the Fund was required to pay the full amount of the judgment. The Fund appeals.

Section 22(2) of the Motor Vehicle Accident Claims Act [MCLA 257.1122(2); MSA 9.2822(2)] reads in pertinent part:

"No payment shall be made out of the fund in respect to a * * * judgment for damages * * * of any amount paid or payable by any other person by reason of the existence of any policy, contract, agreement or arrangement, providing for the payment of compensation, indemnity or other benefits."

Plaintiffs' corporate employer is a "person" within the terms of the Act, MCLA 257.1102(e); MSA 9.2802(e). The only significant question is whether the sickness and accident benefits are of the sort which would relieve the Fund of the liability to the extent of $1,428. We hold that they are.

Benefits recovered by an accident victim from his own insurer are deductible. *Green v Blicharski,* 32 Mich App 15; 188 NW2d 113 (1971). Much like insurance benefits, the Fund in this case is allowed

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

by statute to avail itself of coverage purchased by the tort victim himself either directly or indirectly. Such is the clear legislative mandate.

The legislative intent is clear. So is the language of the statute. The benefits here in issue are "compensation, indemnity or other benefits" provided pursuant to "any policy, contract, agreement or arrangement".

Reversed.

VAN VALKENBURG, J., concurred.

D. E. HOLBROOK, P. J. *(dissenting).* This writer is unable to subscribe to the conclusion reached by my brothers in this case. This determination is the result of what this writer perceives to be the intent and purpose of the legislation in question, its history and proper interpretation.

At the outset, it is well to point out that the case of *Green v Blicharski,* 32 Mich App 15; 188 NW2d 113 (1971), cannot be read as expansively as the majority has read it. The case should be limited to its specific factual situation. In *Green* plaintiff was struck by an uninsured motorist. His automobile policy contained an uninsured motorist provision. The maximum amount of the policy was $10,000 but provided that the exact amount should be agreed by the insured and the company. In absence of agreement, binding arbitration was called for, and an arbitrator awarded plaintiff $7,250. Plaintiff then filed suit against the uninsured motorist and a judgment of $16,000 was rendered against the uninsured defendant. Thereafter, plaintiff moved for payment from the Motor Vehicle Accident Claims Fund for the difference between the amount of the judgment and the arbitration award. The attorney general's office contended that the proper amount was the differ-

ence between the policy maximum and the judgment. The Court found that the amount "paid" or "payable" (as being synonomous) was the arbitration figure and that the Fund should be responsible for the difference between that figure and the judgment. The case may be read for the proposition that where an individual has contracted for uninsured motorist coverage in his policy of automobile insurance, there is a binding arbitration clause therein, and he is injured by an uninsured motorist, the difference between the arbitration figure and a judgment against the uninsured motorist is that amount for which the Fund will be liable. Moreover, the Court wrote, at p 20; NW2d 115:

"The requirement of compulsory arbitration under the policy is a limitation, no different in kind than that limiting recovery for personal injury, thus excluding property damage.

"As we have said on many prior occasions, where public policy or a specific statute is not offended, *parties may contract as they choose. We cannot rewrite their contracts.*" (Emphasis supplied.)

Thus, much of the conclusion in the *Green* case may be laid upon an application of basic tenets of contract and insurance law, where an individual has contracted for uninsured motorist coverage in his *automobile insurance policy.*

The Motor Vehicle Accident Claims Act, (MCLA 257.1101 *et seq.;* MSA 9.2801 *et seq.)* according to the Legislature, is:

"AN ACT providing for the establishment, maintenance and administration of a motor vehicle accident claims fund for the payment of damages for injury to or death of certain persons or property damage arising out

of the ownership, maintenance or use of motor vehicles in the state in certain cases."

In *Lambert v Calhoun,* 48 Mich App 506, 515; 210 NW2d 796, 800 (1973), this writer in his dissent stated:

"The intent of the Legislature in passing the act was to provide a remedy for those accident victims who normally would receive no compensation for their injuries because of uncollectability from a guilty tortfeasor."

He further stated, at 514; NW2d 800, that the purpose of MCLA 257.1101 *et seq.;* MSA 9.2801 *et seq.* was "to assure just compensation for those victims of accidents negligently caused by uninsured motorists". In *Bowser v Jacobs,* 36 Mich App 320, 326; 194 NW2d 110, 112 (1971), Chief Judge Lesinski, in the majority opinion, stated the purpose of the subject statute was "to render relief to those who suffer damage attributable to uninsured motorists (and who have no meaningful recovery) * *. * ".

The Act is remedial and is to be liberally construed. *Lisee v Secretary of State,* 388 Mich 32, 46; 199 NW2d 188, 194 (1972). MCLA 257.1107; MSA 9.2807 provides in part:

"[W]here a person recovers in any court in this state a judgment for damages on account of injury to or the death of any person or property damage occasioned in this state by an uninsured motor vehicle owned or operated by the judgment debtor within this state, * * * he may make application, in the form prescribed by the secretary and the secretary *shall pay* the amount of the judgment or of the unsatisfied portion thereof * * * ". (Emphasis supplied.)

MCLA 257.1122(2); MSA 9.2822(2) provides:

"No payment shall be made out of the fund in respect to a claim or judgment for damages or in respect to a judgment against the secretary, of any amount paid or payable by an insurer by reason of the existence of * * * any policy, contract, agreement or arrangement, providing for the payment of compensation, indemnity or other benefits."

MCLA 257.1122(4); MSA 9.2822(4) provides:

"In determining the amount which is payable from the fund under subsections (2) and (3) of this section and section 23, of this act, *no consideration shall be given to any amount received or receivable by or paid or payable to or for the benefit of any person, under a policy of life insurance or under any policy, contract or agreement, providing for the payment of any hospital or medical expenses.*" (Emphasis supplied.)

In *Bowser v Jacobs* this Court dealt with the question of whether the denial of access to recovery from the Fund on the basis of payments by workmen's compensation with respect to an injury or death caused by an uninsured motorist as provided in MCLA 257.1129; MSA 9.2829[1] was unreasonable, arbitrary, and in contravention of the equal protection clause. US Const, Am XIV, § 1. The majority of the Court there found that such was a denial of equal protection of law when considering the fact that MCLA 257.1122(4); MSA 9.2822(4), allows beneficiaries of a life insurance policy to recover from the Fund for the death of a

---

[1] MCLA 257.1129; MSA 9.2829 provides:

"Any person covered with respect to such injury or death by workmen's compensation law or the personal representative of such person shall not be permitted to recover from the fund *except for property damage.*" (Emphasis supplied.)

person caused by an uninsured motorist. The Court wrote at 328; NW2d 113:

"The legislative aim of this social legislation, as noted above, is to compensate those injured by uninsured tortfeasors who would otherwise have had no source of recovery. But, as we have seen, some persons who have available avenues of recovery are permitted to reach the Fund but injured employees are not. We are constrained to agree that the Legislature has arbitrarily carved out this class from those who have recourse to the Fund. This classification is one made without the force of compelling logic; we find it unconstitutionally discriminatory."

Likewise, to allow full recovery from the Fund by a claimant receiving life insurance or medical and hospital payments, and deny this plaintiff full recovery because he has received $1,428 under a sick and accident policy, would be incongruous and unfair. However, that is exactly what defendant asserts should be the finding of this Court. This Court should not and cannot in good conscience do what is requested of it by the defendant. Such a finding would result in requiring this Court to rule that MCLA 257.1122(2); MSA 9.2822(2) so construed creates an arbitrary and capricious variance in treatment of classes, contrary to equal protection of law, *i.e.,* those claimants receiving life, hospital and medical payments would be allowed to recover full payment from the Fund, whereas those claimants such as plaintiff receiving sick and accident benefits would be denied full recovery. This classification would be one made without the force of compelling logic and unconstitutionally discriminatory. *Fox v Employment Security Commission,* 379 Mich 579, 588; 153 NW2d 644, 647 (1967).

We recognize that under law a statute should be

construed so as to bring it within the Constitution,
if it can be reasonably done. For further light on
this subject, we look to the case of *Grand Rapids
Booming Co v Jarvis,* 30 Mich 308, 323 (1874),
wherein Mr. Justice Christiancy, speaking for the
Court, stated:

"[T]his conclusion is in accordance with the well-set-
tled rule of construction, that, when the language of a
legislative act is susceptible of two constructions, one in
accordance with, the other in violation of the constitu-
tion, the legislature intended to use the language in the
constitutional sense, and not in a sense which would
violate the constitution they were sworn to support."

Also see *Sullivan v Michigan State Board of Den-
tistry,* 268 Mich 427, 429; 256 NW 471 (1934), and
*People v McQuillan,* 392 Mich 511, 536–537; 221
NW2d 569, 580–581 (1974).

The subject sections of the statute can be upheld
when properly construed as clarified in MCLA
257.1123(2); MSA 9.2823(2), which provides:

"Where any amount is recovered from any other
source *in partial discharge of the claim or judgment,* or
where a claim or judgment for damages is reduced by
an amount paid or payable by an insurer or any other
person, as provided in section 22(2) or (3) of this act,
then the limitations set forth in subsection 1 of this
section shall be applicable to the excess of the claim or
judgment over the amount by which the *claim or
judgment is partially satisfied or is reduced under sec-
tion 22(2) or (3)."* (Emphasis supplied.)

It seems obvious to this writer, in construing this
section of the statute, that the words "in *partial
discharge* of the *claim or judgment"* do not include
payments made under a private and personal sick
and accident insurance contract. The *claim* before

judgment (where the claim is settled) and a judgment (when not settled) refers to a claim or judgment against the uninsured motorist (the negligent tortfeasor). For further support of this interpretation of the statute, it is well to review our legislation which reveals that its prototype is the Ontario Motor Vehicle Accident Claims Act.[2] The Ontario Act, RSO 1970, ch 281, § 22(6) provides:

"Where any amount is recovered from any other source *in partial discharge of the judgment debt,* the maximum amount prescribed in this section shall be reduced by the amount so paid, and any amount paid out of the Fund in excess of the amount authorized by this section may be recovered by action brought by the Minister.[3] 1961–62, c 84, s 22(5)." (Emphasis supplied.)

In referring to the phrase "in partial discharge of the judgment debt", Justice Urquhart in *Drummond v Strong,* OWN 791, 793; [1950] 1 DLR 299, 303 (1949), said: "While the Legislature may have meant that any amount recovered in respect of any damages sustained may be deducted, it did not see fit to say so." In *Mindorff v St Pierre,* OWN 388, 390–391; 3 DLR 613, 615 (1950), aff'd OWN 674; 4 DLR 368 (1950), Justice LeBel wrote:

"*Accident* and health policies and hospital plans, * * * are in no way concerned with the liability imposed by law upon an insured, and hence with judgments. They simply insure or indemnify an insured

---

[2] See, for instance, Buesser & Buesser, *Pariah to Paragon or the uninsured motorist becomes socially acceptable,* 45 MSBJ (May, 1966), p 16, fn 3, which states:

"[In reference to § 25] Jurisdictions that may be deemed to afford such coverage include New York, North Dakota, New Jersey and Maryland. In addition, residents of Ontario are presumably covered since the Michigan statute was patterned after legislation in force in that jurisdiction."

[3] " 'Minister' means the Minister of Transport * * * ." § 1(f).

against personal loss by reason of accident and/or sickness." (Emphasis supplied.)

Citing the foregoing two cases, Justice Schroeder in *Bernhardt v Rychlik,* OWN 377, 379; 3 DLR 565, 567–568 (1951), wrote:

"On the material before me the conclusion is, to my mind, inescapable that the sum of $786.44 was not paid in partial discharge of the judgment debt; it was not paid in relief of the judgment debtor, but it was paid by an insurer in satisfaction of its contractual liability to the plaintiff under the terms and provisions of a policy requiring the plaintiff to pay periodical premiums for the protection thereby afforded to him. It was under the compulsion of this contract and under no other constraint that the said sum was paid by the insurer to the plaintiff. It was most definitely not a payment 'in partial discharge of the judgment debt' within the meaning of the proviso."

These Ontario cases disclose that, under the model for the Michigan legislation, various payments made under policies of insurance (including health, accident and hospitalization) contracted for are not deductible from claims made against the Motor Vehicle Accident Claims Fund. This is because they are not in discharge or partial discharge of judgment. In the present case, the subject payments to plaintiff were not in partial discharge of the claim or judgment debt against the tortfeasor, but rather were paid because of the contract of insurance to cover sickness and accident for which the premiums had been paid.

Defendant cites in support of its position cases from the State of New Jersey under a statute that is dissimilar to the Michigan and Ontario stat-

utes.[4] For the obvious reasons set forth in this opinion, they are inapplicable.

In this case a proper construction of the statutory provisions in question mandates that the sickness and accident benefits paid plaintiff *not* be deducted. This writer would affirm, with costs to plaintiff, and so votes.

---

[4] For instance, *Dixon v Gassert,* 26 NJ 1; 138 A2d 14 (1958); *Fasano v Gassert,* 49 NJ Super 52; 138 A2d 752 (1958); *Minardi v Dupont,* 49 NJ Super 139; 139 A2d 457 (1958); *Unger v Kemmerer,* 58 NJ Super 262; 156 A2d 52 (1959); and *Holmberg v Aten,* 68 NJ Super 73; 171 A2d 667 (1961). NJSA 39:6-70(m) provides: [that the applicant for payment state] "Whether or not he has recovered a judgment in an action against any other person against whom he has a cause of action in respect of his damages for bodily injury or death or damage to property arising out of the accident and what amounts, if any, he has received by way of payments upon the judgment, or by way of settlement of such cause of action, in whole or in part, from or on behalf of such other person. (1958 amendment).

NJSA 39:6-71 provides:

"Any amount which the plaintiff has received or can collect by way of payments upon the judgment or by way of settlement of the cause of action, in whole or in part, from or on behalf of any person other than the judgment debtor, described in subparagraph m of section 10, shall be deducted from the amount due upon the judgment for payment of which claim is made. (1958 amendment)."